NAME  **MICHAEL ANTHONY LANE**

PRISON NUMBER  **T – 99193**



CURRENT ADDRESS OR PLACE OF CONFINEMENT  **640-25up – P.O.Box 9**

CITY, STATE, ZIP CODE  **AVENAL, CA. 93204**



CLERK US D...
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**MICAHEL ANTHONY LANE**
(FULL NAME OF PETITIONER)                              ,

                                          **PETITIONER**

                    v.

**JAMES HARTLEY**                               ,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

                              **RESPONDENT**
                    and

The Attorney General of the State of
California, Additional Respondent.          ,

Civil No  **'08 CV 0213 BEN AJB**
_____
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:

   **SAN DIEGO SUPERIOR COURT_SAN DIEGO COUNTY**

2. Date of judgment of conviction: **JULY 17, 2003**

3. Trial court case number of the judgment of conviction being challenged: **SCD171751**

4. Length of sentence:  **9 years at 80%**

CIV 68 (Rev. Jan. 2006)                                                              cv

5. Sentence start date and projected release date:

   12-13-2002—1-12-2010

6. Offense(s) for which you were convicted or pleaded guilty (all counts):
   **possession for sale cocaine(H&S Code. § 11351.5); prior possession for sales(1137U.2(a); and alleged serious felony prior for battery with serious bodily injury(§ 243(d).)**

7. What was your plea? (CHECK ONE)

   (a) Not guilty      ☐

   (b) Guilty          ☒

   (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)

   (a) Jury       ☐
   (b) Judge only ☐

9. Did you testify at the trial?

   ☐ Yes ☐ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?

    ☒ Yes ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:

    (a) Result: **Affirmed**

    (b) Date of result (if known): **1U-20-2004**

    (c) Case number and citation (if known): **DO42554**
    (d) Names of Judges participating in case (if known):
    **McConnel,P.J., McDonald,J., AAron, J.**

    (e) Grounds raised on direct appeal:
    **warrantless search and seizure, invalid prior conviction/insufficient evidence**

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:

    (a) Result: **affirmed**

    (b) Date of result (if known): **1-12-005**

    (c) Case number and citation (if known): **S129419**

    (d) Grounds raised: **same as above**

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a)  Result: **N/A**

    (b)  Date of result (if known): **N/A**

    (c)  Case number and citation (if known): **N/A**

    (d)  Grounds raised: **N/A**

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
  [x] Yes  [ ] No

15. If your answer to #14 was "Yes," give the following information:

    (a)  **California Superior Court** Case Number (if known): **HC18836**

    (b)  Nature of proceeding: **Habeas Corpus**

    (c)  Grounds raised: **Invalid prior serious felony prior conviction/strike ineffective assistance of counsel**

    (d)  Did you receive an evidentiary hearing on your petition, application or motion?
      [ ] Yes [x] No

    (e)  Result: **N/A**

    (f)  Date of result (if known): **N/A**

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
  [xx] Yes  [ ] No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known):  D051274 D050509 D050856

    (b) Nature of proceeding:  Habeas Corpus  and Error Coram Vobis

    (c) Names of Judges participating in case (if known)  N/A

    (d) Grounds raised:  Trial Court errered and abused its discretion when using parol evidence without sufficient evidence, ineffective assistance of cpunsel, prosecution misrepresentation, equal protection of law, and due process

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☒ No

    (f) Result:  N/A

    (g) Date of result (if known):  N/A

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known): S158338, S153736, S149323

    (b) Nature of proceeding:  Habeas Corpus

    (c) Grounds raised:  Court's New Ruling which was a change in the law(i.e., 4 to 3 majority decision in People v Trujillo(2006)40 Cal.4th 165, 179-180(admissions made after acceptance of guilty plea that does not reflect the facts which defendant was convicted cannot be used to qualify as strike, and great bodily injury must be charged and proved pursuant to Penal Code § 969f(a), and prosecution has the burden of proof.

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☒ No

    (e) Result:  N/A

    (f) Date of result (if known):  N/A

20.  If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the <u>California Supreme Court</u>, containing the grounds raised in this federal Petition, explain briefly why you did not:

   **N/A**

## COLLATERAL REVIEW IN FEDERAL COURT

21.  Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
   ☐ Yes  ☒ No    (IF "YES" SKIP TO #22)
   (a)  If no, in what federal court was the prior action filed?  **In this Hon.U.S.District Court**
     (i) What was the prior case number?  **05 cv 1816-IEG(BLM)**
     (ii)  Was the prior action (CHECK ONE):
        Denied on the merits?     ☒
        Dismissed for procedural reasons?  ☐
     (iii)  Date of decision: **9-27-2006**
   (b)  Were any of the issues in this current petition also raised in the prior federal petition?
       ☒ Yes  ☐ No
   (c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes  ☒ No  **The California Supreme Court recently changed the law on 12-11-06, precluding a trial court to use admissions made after acceptance of the guilty plea in the prior conviction that does not reflect the facts which defendant was convicted to qualify as strike.**

CAUTION:

- **Exhaustion of State Court Remedies:**  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:**  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:**  You must state facts, not conclusions, in support of your grounds.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do.  A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

1  MICHAEL ANTHONY LANE - T99193

2  640 - 25up

3  P.O. BOX 9

4  AVENAL, CA. 93204

5

6                    UNITED STATES DISTRICT COURT

7                  SOUTHERN DISTRICT OF CALIFORNIA

8

9  MICHAEL ANTHONY LANE,

10                 PETITIONER,          GOOD CAUSE JUSTIFICATION

11                                      AND EXPLANATION FOR

12  vs.                                 SUCCESSIVE PETITION

13

14

15

16  JAMES A. HARTLEY,(warden)

17             Respondent,

18

19                         INTRODUCTION

20     TO THE HONORABLE U.S.DISTRICT JUDGE FOR THE SOUTHERN DISTRICT

21  Court of California,

22     Petitioner Michael Anthony Lane comes before this U.S.District

23  Court, respectfully filing this " GOOD CAUSE JUSTIFICATION AND EXPLA-

24  NATION FOR SUCCESSIVE PETITION " based on the California Supreme Court's

25  4 to 3 majority decision in People v Trujillo(2006)40 Cal.4th 165.(See

26  3 Witkin & Esptein, Cal.Criminal Law (3d.ed 2000) Punishment,§ 357.); West Ann.Cal.

27  Penal Code §§ 243(d), 969f(a), 1192.7(c), 1170.12(b)(1), 667(d)(1), 12022.7,1260.)

28

1  The California Supreme Court determined in a majority (4 to 3) ruling on
2  12-11-06, in **People v Trujillo, supra, 40 Cal. 4th at pp. 178-179,"** statements,
3  made after a defendant's plea of guilty has been accepted, that appear in a
4  probation officer's report prepared after the guilty plea has been accepted are
5  not part of the record of the prior conviction, because such statements do not
6  "reflect[] the facts of the offense for which the defendant was convicted.";
7  disapproving **People v Monreal** (1997) 52 Cal. App. 4th 670, 675; **People v Mobley** (1999)
8  72 Cal. App. 4th 761, 796.)
9   Petitioner thereafter filed habeas corpus in the California Supreme Court,
10  Court of Appeal and Superior Court based on the new ruling in **Trujillo**
11  which was a change in the 'facts' and 'law.' (See Exhibits A collectively).
12  All three state courts considered the habeas petitions based on "Good
13  **Cause Justification and Explanation For Successive Petition**" based on the
14  merits, and concluded that the evidence supported a serious felony conviction
15  under section 1192.7 (c). (See Exhibits A - A(8) collectively.)
16   However, based on the California Supreme Court's decision in Trujillo, and the
17  fact petitioner admitted to inflicting great bodily injury when the trial court
18  presumed without any evidence presented by the prosecution of the record of
19  the 1992 conviction, and the fact petitioner did 'not' plea bargain in the 1992
20  conviction to  personal inflicting "great bodily" injury which is required for a
21  prior conviction to qualify as a serious felony under section 1192.7(c), the
22  state courts erred and abused their discretion violating petitioner's
23  Fifth and Fourteenth Amendments. (See Exhibits B-E herein collectively.)
24   Accordingly, the California Supreme Court's denial of petitioner's state
25  habeas petitions was based on an unreasonable determination of the facts
26  in light of the evidence presented in the state courts, 28 U.S.C. § 2254(d)
27  (2), and involved an unreasonable application of clearly established Supreme
28  Court precedent, within the meaning of 28 U.S.C. § 2254(d)(1).)

<u>Ground One:</u>                    <u>A</u>

<u>Trial Court Erroneously Determined That 1992 Conviction Record Showed Evidence To Support Serious Felony Without The Record Being Presented AT The Plea Bargaining Stage Violated Petitioners Due Process Rights Under The Fifth And Fourteenth Amendments</u>

<u>Supporting Facts:</u>

On April 9, 2003, petitioner negotiated a plea agreement for possession of cocaine for sales (H&S Code § 11351.5), a prior sales of cocaine (H&S Code § 11370.2(a)), and admitted a serious felony for battery with serious bodily injury (Pen. Code § 243(d).

The prosecution did not present the 1992 records to prove that petitioner had inflicted great bodily injury, but, nonetheless urged the trial court under the general category, " any other felony in which the defendant personally inflicts great bodily injury on any person other than an accomplice. . . .' "(§ 1192.7(c)(8); (§§ 667(d)(i), 1170.12(b)(1); See Exhibits C-D and E (i.e., Master Chronological Index and Master Alphabetic Index/ Cover Sheet-Court's Transcript.)

The prosecution, had a responsibility to produce sufficient evidence to sustain its burden of proof beyond a reasonable doubt.

No where in the court's records does it show any evidence of the 1992 record being produce to support the strike allegation.

The trial court, prosecution, and defense attorney conceded that petitioner's prior conviction for battery with serious bodily injury, which was based on a guilty plea, is a strike. (See Exhibits C-E (i.e., Master Chronological Index and Master Alphabetic Index)

Yes, Ground One was raised in the California Supreme Court. (Ex A).

# Arquement

## Memorandum Of Points And Authorities

Federal Review is not de novo when the state court does not supply reasoning for its decision, but an independent Review of the record is required to determine whether the state court clearly erred in its application of controlling federal law. (Davis v Woodford, 446 F.3d 957 (9th Cir. 2006) citing Delgado v Lewis, 223 F.3d 976-982 (9th Cir. 2000).

Petitioner contends that the record of the 1992 conviction does not show that petitioner's plea was for personal inflie-tion of "great bodily" injury within the meaning of section 1192.7 (c)(8) under the Three Strikes Law, because the evidence is insufficient to support a serious felony conviction. (See People v Trujillo, supra, 40 Cal. 4th at pp. 179-180; citing People v McGee (2006) 38 Cal. 4th 682, 691; People v Reed (1996) 13 Cal. 4th 217, 225; see also Shepard v United States, 544 U.S. 13, 26 (2005); Fiore v White, 531 U.S. 225, 228; Jackson v Virginia, 433 U.S. 307 (1979); Santobello v New York, 404 U.S. 257, 262 (1971); United States v Snellenberger, 480 F.3d 1187, 1190 (9th Cir. 2007); (Exhibits B - B(4).)

On 12-11-06, the California Supreme Court in a 4 to 3 majority decision in Trujillo, supra, 40 Cal. 4th at pp. 118-179, held that, "state-ments, made after a defendant's plea of guilty has been accepted, that appear in a probation officer's report prepared after the guilty plea has been accepted are not part of the record of the prior conviction, because such statements do not "reflect [] the facts of the offense for which the defendant was convicted." (Reed, supra, 13 Cal. 4th at p. 223.

Several months earlier before the Trujillo decision, the California Supreme Court recognized in People v McGee, supra, 38 Cal. 4th

1  682, 691, that in determining whether a prior conviction is for a
2  serious felony "the nature of the conviction is at issue'..., "the
3  relevant inquiry in deciding whether a particular prior conviction
4  qualifies as a serious felony for California sentencing purposes is
5  limited to an examination of the record of the prior criminal
6  proceeding to determine the nature or basis of the crime of
7  which the defendant was convicted." (Ibid, italics added.)

8   The prosecution never produced the 1992 record, therefore, the
9  evidence present did not prove beyond a reasonable doubt that
10  petitioner inflicted great bodily injury. (See Exhibits C - E collectively)

11   Thus, something more than petitioner's bare admission to the
12  prior alleged felony was required, and it was the prosecution's
13  burden to produce such additional facts to the trial court to
14  prove beyond a reasonable doubt that the record of the 1992 guilty
15  plea showed infliction of great bodily injury as defined in section
16  1192.7(c)(8). (See Trujillo, supra, 40 Cal. 4th at p. 180 ; Exhibits C and E.)

17

18                                    B

19  Infliction Of Great Bodily Injury Is Required For Prior Conviction
20  To Qualify As A Strike Under Three Strikes Law:

21

22   The Court of Appeal concluded that Trujillo did not apply to pe-
23  titioner's admission in the instant case, and petitioner waived trial on
24  the prior conviction. (See Exhibit A - p. 2.)

25   However, the United States Supreme Court and state courts hold
26  that, " due process of the Fourteenth Amendment forbids a state to convict
27  a person of a crime without 'proving' the elements of that crime
28  beyond a reasonable doubt." (Fiore v White, 531 U.S. 228; People v Kipp

                                     10

1  (2001) 26 Cal. 4th 1100; ("A conviction cannot be sustained unless

2  each element of the offense is supported by sufficient evidence,

3  and speculation may not save an inadequate factual predicate.");

4  see also United States v Kurt, 986 F.2d 309, 312 (9th Cir. 1993);

5  e.g. People v Reyes (1974) 12 Cal. 3d 486 (" evidence must do more than

6  raise a mere suspicion or possibility of guilt, surmise cannot be

7  permitted in a criminal case.")

8    Penal Code Section 243, subdivision (d) provides: "when a battery

9  is committed against any person and serious bodily injury is in-

10  flicted on the person."

11    Serious bodily injury does not mean a "significant" or "substantial"

12  injury as defined in section 1192.7(c)(8), or 12022.7(a)(e). (see also

13  CALJIC 9.12 and 17.20). [1]

14    Thus, a felony conviction for violating Penal Code section 243, sub-

15  division (d), constitutes a strike only if the defendant "personally inflicts

16  great bodily injury on any person, other than an accomplice". (§1192.

17  7(c)(8); see also 667(d)(1), 1170.12(b)(1).

18    The prosecution was required to produce the 1992 record to show

19  that petitioner was convicted of inflicting great bodily injury.

20  (See Exhibits B-B(4); People v Tenner (1993) 6 Cal. 4th 559, 566-567

21  ("In Reviewing the sufficiency of the evidence of the prior convic-

22  tion, courts determine ... whether a reasonable trier of fact

23  could have found that the prosecution sustained its burden of

24  proof beyond a reasonable doubt.") see also Jackson v Virginia, 433 U.S.

25  307; Santobello v New York, 404 U.S. 257; Fiore v White, 531 U.S. at 228;

26  Shepard v United States, 544 U.S. at 26; United States v Snellenberger,

27  480 F.3d at 1190.

28  1/ "Section 12022.7 provides in pertinent part: "To support a sentencing enhancement for the
    infliction of great bodily injury during the commission of a felony (Cal. Pen. C. § 12022.7)
    the injury must be "great" or "substantial". (See Cal. Jur. 3d Criminal Law—Post-
    Trial Proceedings § 188; People v Navo (1987) 207 Cal. app. 3d 1490, 255 Cal. Rptr. 903.)

11

1  Under section 969f(a), when the people believe that a defendant's
2  offense is a "_serious_" felony, the fact that makes the crime
3  constitute a serious felony may be charged in the accusatory
4  pleading, and [I]If the defendant pleads guilty of the offense
5  charged, the question whether or not the defendant committed
6  a serious felony as alleged shall be seperately 'admitted' or
7  denied by the defendant.

8   No where in the 1992 plea agreement, minute order, accusatory
9  pleading or abstract of judgement does it reflect an admission
10 or charge of personal infliction of great bodily injury, but, a
11 guilty plea to the "least adjudicated elements" of the charged
12 crime of battery with serious bodily injury (§ 243(d), and no addi-
13 tional facts within the meaning of section 1192.7(c)(8). (See Exhibits
14 B - B(4).)

15  The prosecution could not go behind the record to prove a fact
16 which was not [then] or [now] an element of the crime, thus,
17 permitting the prosecution to do so as in petitioner's case to litigate
18 the circumstances of the 1992 conviction which was committed
19 years ago raises serious problems akin to double jeopardy and
20 denial of speedy trial. (See _Trujillo_, supra, 40 Cal. 4th at p. 176 citing
21 _People v Jackson_ (1985) 37 Cal. 3d 826, 836; _Guerrero_, supra, 44 Cal. 3d at p.
22 345, 355; _Texas v Cobb_, 532 U.S. 162, 173 (2001).

23  Moreover, section 969f(a) was enacted in order to " prequalify a crime
24 as a serious felony" for purposes of the Three Strikes Law. The section
25 allows the fact that a crime is a serious felony to be "_proven_" at
26 the time the first crime is tried so that it may become a matter
27 of the record." (Sen. Com. on Judiciary Analysis of Assem. Bill No.
28 897 (1991-1992 Reg. Sess.); Exhibits B-B(4).)

1  In People v Rodriquez (1998) 17 Cal. 4th 253, the California Supreme
2  Court implicitly rejected the reasoning that a guilty plea to
3  a violation of a criminal statute (in Rodriguez, § 245(a)(1)) con-
4  taining statutorily specified, alternative kinds of conduct is an
5  admission, and thus sufficient evidence, that the defendant com-
6  mitted each kind of conduct. (see McGee, supra, 38 Cal. 4th at p.
7  691; Fiore v White, 531 U.S. at 228.)

8  In other words, Rodriquez implicitly rejected Guerrero's rea-
9  soning since Guerrero concluded that the defendant's guilty
10 plea to the federal bank robbery statute constituted an admission
11 that the defendant committed both kinds of statutorily specified
12 alternative types of conduct.

13 As pertinent in petitioner's case, the guilty plea in the 1992
14 conviction was for battery with serious bodily injury (§243(d),
15 Exhibits B - B(4).)

16 One may violate section 243, subdivision (d) in two ways that
17 would 'not' qualify it as a serious felony under section 1192.7
18 (c)(8): One may aid and abet the battery without personal in-
19 fliction of great bodily injury, and second, one may commit the
20 battery with force 'likely' to cause great bodily injury without
21 actually causing great bodily injury. (See Trujillo, supra, 40 Cal. 4th
22 at pp. 179-180; Rodriquez, supra, 17 Cal. 4th at pp. 261-262.)

23 Nevertheless, the evidence is insufficient to support a serious fe-
24 lony, because the record of the 1992 conviction, which was a
25 guilty plea, reflects the fact of the "least adjudicated elements"
26 of the crime charged, and no additional facts within the
27 meaning of section 1192.7(c)(8). (Exhibits B- B(4).); e.g.,
28 Trujillo, supra, 40 Cal. 4th at pp. 179-180; Shepard, 544 U.S. at 26.)

13

1  Thus, Trujillo precludes the conclusion in the present case
2  that petitioner's plea of guilty to battery with serious bodily
3  injury in violation of Penal Code section 243(d), constitutes
4  an admission that he committed the predicate offense of "per-
5  sonal infliction of great bodily injury within the meaning
6  of section 1192.7(c)(8). (See §§ 969f(a), 667(d)(1), 1170.12(b)(1);

7  Accordingly, even though the strike allegation was adjudicated
8  by guilty plea, rather than trial, which was the proper disposition,
9  it is appropriate to vacate the sentence and remand for re-
10  sentencing, notwithstanding the insufficiency of the evidence, a retrial
11  of the strike allegation is not barred. (See People v Barragan, supra
12  32 Cal.4th 236 ("Remanding for retrial on strike allegation proper
13  when guilty plea to prior charged offense provided insufficient
14  evidence to support true finding."); see also People v Thoma (2007)
15  150 Cal.App.4th 1096; 55 Cal.Rptr.3d 715; Watt, supra, 131 Cal.App.4th at
16  596-597; People v Bueno (2006) 143 Cal.App.4th 1503; People v Cortez,
17  supra, 73 Cal.App.4th at pp. 283-284; i.e., Trujillo, supra, 40 Cal.4th 165,
18  179-180.) [§ 1260]; Exhibits B-E collectively.)

19
20                          C
                    **Plea Agreement**

21  Under the AEDPA, federal courts must consider whether the
22  California Supreme Court's decision is consistent with a proper applica-
23  tion of state contract law in interpreting the plea agreement; if not,
24  the decision was an "unreasonable application of" clearly established
25  federal law. (See Buckley v Terhune, 441 F.3d 688, 694-95 (9th Cir. 2006)
26  (en banc); Brown v Poole, 337 F.3d 1155, 1160 (9th Cir. 2003) n.2; see also
27  Ricketts v Adamson, 483 U.S. 1, 6 n.3 (1987) ("holding that the interpre-
28  ting of state plea agreements is a matter of state law.)

1  In petitioner's 1992 plea agreement, the prosecution did not
2  comply with section 969f(a), which was existing law, which would
3  have determined whether or not petitioner plea bargained
4  to personal infliction of great bodily injury. (Exhibits B-B(4).)
5     However, at the time of the plea agreement and now,
6  section 243, subdivision (d) provided: " when a battery is com-
7  mitted and serious bodily injury is inflicted on the person"
8     Moreover, upon the adoption of Proposition 21, on March 8, 2000
9  section 243 (d) was not incorporated in section 1192.7(c), nor was it
10 one of the crimes listed in section 1192.7 upon the enactment
11 of Proposition 184, on March 7, 1994, under section 1192.7(c). (See
12 In re Jensen (2001) 92 Cal.4th 262, 268; People v Winters (2001) 93 Cal.
13 App. 4th 273 (" battery with serious bodily injury is not one of the crimes
14 specified in section 1192.7(c)"); People v Taylor (2004) 118 Cal.App.4th 11 ("bat-
15 tery with serious bodily injury without personal infliction of great bodi-
16 ly injury does not qualify as a strike"); People v Bueno, supra, 143 Cal.
17 App. 4th 1503 ("battery with serious bodily injury did not qualify as a
18 serious felony where prosecution failed to present sufficient evidence");
19 People v Fountain (2000) 97 Cal.Rptr. 2d 824.) (See Exhibits B-B(4).)
20    Thus, petitioner's plea bargain did not purport to freeze the
21 law as it existed in 1992, instead, agreed on the facts that
22 could be used, later, to sentence petitioner under whatever
23 law might then be in effect. (See §§667(a)(1), 1192.7(c), 12022.7).
24    Under California Law, a contract must be interpreted so as " to
25 give effect to the mutual intention of the parties as it existed
26 at the time of contracting." (Civ. Code § 1636.)
27    Furthermore, if there were ambiguity, which there was not, any
28 such ambiguity should be resolved in petitioner's favor. (Buckley,

15

1 441 F.3d at 698; <u>People v Toscano</u>, 20 Cal. Rpts. 3d 923, 926 (2d

2 Dist. Ct. App. 2004).

3  Therefore, as a matter of California contract law (plea a-

4 greement), petitioner's 1992 battery with serious bodily injury

5 does not constitute as a serious felony within the meaning of

6 section 1192.7(c), and the prosecution must live with the parti-

7 cular bargain that was made. (See <u>Santobello v New York</u>, 404

8 U.S. 257, 262 ("when a plea rests in any significant degree on a

9 promise or agreement of the prosecutor, so that it can be said to

10 be said to be part of the inducement or consideration, such

11 promise must be fulfilled."); see also <u>Mabry v Johnson</u>, 467 U.S.

12 504, 509-10 (1984) (Clarifying that a Santobello claim requires

13 the plea to be induced by the prosecutor's promise.") (See

14 Exhibit B- specifically numbers #1, 1a, 2, 8b, 11-11b, 15b

15 collectively.)

16  Accordingly, based on the above reasoning, there is no evidence

17 in the 1992 record that the prosecutor complied with section 969f(a),

18 that is, there is no evidence that petitioner pled to personal

19 infliction of great bodily injury, nor admit to any serious fe-

20 lony allegation, and the prosecution did not produce the 1992

21 record at the plea bargaining stage, therefore, the evidence pre-

22 sented was insufficient to support a serious felony. (See

23 <u>Fiore v White</u>, 531 U.S. at 228; <u>Kipp, Supra</u>, 26 Cal. 4th 1100; Exhibits

24 E(i.e. Master Chronological Index and Master Alphabetic Index

25 Cover Sheets.) and the prosecution breached the 1992 plea agreement,

26 <u>Santobello v New York</u>, 404 U.S. at 262.)

27

28

## SUPPORTING AUTHORITY:

In order for a reviewing court to find that sufficient evidence was presented to support a criminal conviction, it is necessary viewing the evidence in the light most favorable to the prosecution to determine that a rationale trier of fact could have found the essential elements of the crime beyond a reasonable doubt.... (Jackson v Virginia, 433 U.S. 307, 320; Fiore v White, 531 U.S. 225, 228; United States v Martinez, 967 F.2d 1343, 1345 (9th Cir. 1992); United States v Oichele, 941 F.2d 761, 763 (9th Cir. 1991); People v Ochoa (1993) 6 Cal. 4th 1199, 1206; People v Claire (1992) 2 Cal. 4th 629.)

The same standard applies where the question is sufficiency of evidence to support an "enhancement" (People v Ortiz (1997) 57 Cal. App. 4th 480, 484) and where the prosecution relies mainly on circumstantial evidence. (People v Stanley (1995) 10 Cal. 4th 764, 792.)

To be considered "substantial" evidence must be of ponderable legal significance, reasonable in nature, credible, and of solid value. (People v Taylor (1990) 222 Cal. App. 3d 612, 618, see also Fiore v White, 531 U.S. at 228.)

Accordingly, based on the insufficient evidence presented by the prosecution and admission made after acceptance of the guilty plea of the 1992 conviction, which does not reflect the fact upon which petitioner was convicted, the trial court was precluded from relying upon admission to determine that the 1992 conviction qualified as a strike. (Tenjillo, supra, at pp. 180)

GROUND TWO:                    D

The Prosecution Is Barred By The Double Jeopardy Clause From Successive Prosecution For The Same Offense:

Supporting Facts:

In the 1992 conviction, the prosecution did not even attempt to prove that petitioner personally inflicted great bodily injury (§ 969f(a)), instead, entered into a plea agreement in which it dismissed the remaining allegations. (Exhibit B.)

In the present case, the prosecution could not have compelled petitioner to admit to personal inflicting great bodily injury, therefore, cannot use petitioner's subsequent admission that he inflicted great bodily injury which the trial court purportedly presumed. (See Exhibits C-D-p.53-lines 21-24.)

Thus, once the court accepted petitioner's guilty plea, petitioner could admit to the trial court in the present case that he inflicted great bodily injury without fear of prosecution, because he was clothed with protection of the double jeopardy clause from successive prosecution for the same offense. (Trujillo, supra, 40 Cal. 4th at pp. 179, citing Texas v Cobb, 532 U.S. at 173.)

Therefore, petitioner's admission in the present case, does not describe the nature of the crime of which he was convicted and cannot be used to prove that the prior conviction was for a serious felony.

MEMORANDUM OF POINTS AND AUTHORITIES

The California Supreme Court noted in Trujillo that, " barring the use of defen-
dant's statement reflected in a probation officer's report to prove that an alleged
prior conviction was for a serious felony is consistent with the Court's ruling in
People v Guerrero(1988)44 Cal.3d 343, 355-356("in determining the nature of a prior
conviction, the court may look to the entire record of the conviction, ' but no fur-
ther"."); see also People v McGee (2006)38 Cal.4th 682, 691).

The Court noted:

> "the reason for this limitation was to "effectively bar()the
> prosecution from relitigating the circumstances of a crime
> committed years ago and thereby threatening the defendant
> with harm akin to double jeopardy and denial of speedy trial"
> (Ibid.) Permitting a defendant's statement made in a postcon-
> viction probation officer's report to be used against him to
> establish the nature of the conviction would present similar
> problems, creating harm akin to " double jeopardy " and
> forcing the defendant to relitigate the circumstances of the
> crime."(Trujillo, supra, 40 Cal.4th at p.180 citing Texas v
> Cobb,532 U.S. at 173; see also McGee, supra, 38 Cal.4th at p.
> 691.)

The California Supreme Court noted in People v Thoma(2007)55 Cal.Rptr.3d 715 (e.g.,
a guilty plea and admission); Transffer in light of Trujillo, the evidence was in-
sufficient to support the alleged serious felony conviction and ordered the Court of
Appeal to reconsider it decision .

The Court of Appeal concluded that the ' evidence  was insufficient and the defen-
dant's admission made after the acceptance of the 1995 conviction did not reflect
facts upon which the defendant was convicted and cannot be used to now qualify the
1995 conviction as a strike offense.(See Thoma, supra, 150 Cal.App.4th 1096.)

There is no distinction in petitioner's case as the state courts purports. Both
cases are based on pleas of guilty and admissions made after the acceptance of the
prior conviction which do not reflect the facts upon which they were convicted.

19

1  Trujillo, supra, 40 Cal. 4th at pp. 179-180.)

2  In other words, if the state's highest court and Court of Appeal

3  did not determine Thoma waived his rights when admitting the prior

4  1995 conviction and on direct appeal contended that the 1995 record

5  does not show that he pled guilty to inflicting great bodily injury, then,

6  there's no way possible the Court of Appeal and California Supreme

7  Court can distinguish that petitioner waived his trial rights on his

8  1992 conviction, especially when the prosecution didn't produce any

9  evidence to prove that petitioner had pled guilty to personal in-

10  fliction of great bodily injury in light of Trujillo.

11     Thus, no rationale trier of fact could have found that the prosecutor

12  sustained it's burden of proof beyond a reasonable doubt, absent sufficient

13  evidence. (See Barragan, supra, 32 Cal. 4th 236 (" Remanding for retrial on

14  strike allegation proper when guilty plea to prior charged offense "provided insuf-

15  ficient evidence" to support true finding.")[§1260]("appellate courts "may", if

16  proper, remand the cause to the trial court for such further proceedings

17  as may be just under the circumstances.")]; see Watts, supra, 131 Cal. App.

18  4th pp. 596-597 (e. g., guilty plea and admission).

19   The Court of Appeal in Watts concluded that," evidence standing alone

20  did not prove defendant had pled guilty to a "serious" felony as defined in

21  section 1192.7(c). Under that section, ... only those crimes are serious

22  felonies in which the defendant personally inflict[ed] "great bodily" injury on

23  any person, other than an accomplice ... § 1192.7(c)(8). (Id. at pp. 596-97);

24  see also Exhibits B- E collectively.)

25     There was no evidence produced by the prosecution, nor does the 1992

26  plea agreement show that petitioner's plea was to personal inflicting "great

27  bodily" injury, but, to the " least adjudicated elements" of the charged

28  crime of penal code § 243(d) battery with serious bodily injury, and nothing

20

more. (See <u>Shepard v United States</u>, 544 U.S. at 26; <u>United States v Snellenberger</u>, 480 F.3d at 1190; <u>Fiore v White</u>, 531 U.S. at 228; <u>Texas v Cobb</u>, 532 U.S. at 173; <u>Trujillo, supra</u>, 40 Cal. 4th at p. 180 ("admission made after acceptance of the guilty plea which do not reflect the facts upon which defendant was convicted cannot be used to qualify as a strike" ... prosecution is barred from relitigating the circumstances of a crime committed years ago and thereby threatening the defendant with harm akin to "double jeopardy" ...." citing <u>Guerrero, supra</u>, 44 Cal. 3d at pp. 355-356; <u>Reed, supra</u>, 13 Cal. 4th at pp. 217, 225; <u>Texas v Cobb</u>, 532 U.S. at 173.)

Consequently, petitioner would request that this U.S. District Court take judicial notice of the "Supplemental Brief" filed by the parties in the Fourth Appellate District Court of Appeal, Division One, based on a rehearing to determine the 1992 conviction; case no. # D042554, Ex A(7).)

The Attorney General conceded and determined that petitioner's prior battery with serious bodily injury did not qualify as a serious felony and that the immediate Court of Appeal should modify and reduce the legally unauthorized sentence. (Sup.Brf. filed 9-17-04, case # D042554).

However, the Court of Appeal concluded that petitioner admitted to inflicted great bodily injury, however, the record of the 1992 conviction, which was a guilty plea, does not reflect any admission to inflicting great bodily injury.

Therefore, in light of the California Supreme Court's decision in Trujillo, the evidence is insufficient to support a conviction for a serious felony within the meaning of section 1192.7(c)(8); see also §§ 667(d), 1170.12(b)(1); 969f(a); Exhibits B-B(4).)

1    Furthermore, the Court of Appeal noted in their decision on 10-20-2004,
2 that "battery with serious bodily injury (§ 243(d), is '**not**' specifically
3 enumerated as a serious felony within the meaning of section 1192.7
4 (c), (Exhibit A(7)- p.6).
5    The Court purports to distinguish petitioner's battery with serious bodily
6 injury from its decision in <u>People v Taylor</u>, supra, 118 Cal. App. 4th 11, which
7 the defendant cracked his girlfriend's bone around her left eye and the jury
8 found the defendant guilty of battery with serious bodily injury (§ 243(d),
9 and that in the instant case, petitioner admitted he inflicted great bodily
10 injury in the 1992 conviction; holding, because Taylor was charged
11 with battery with serious bodily injury, and the jury did not find him guilty
12 of inflicting great bodily injury: The Court of Appeal decision is unrea-
13 sonable, and erroneously unpersuasive. (See Exhibit A(7)-B(4).)
14    In the 1992 conviction, which was based on a guilty plea, the accusatory
15 pleading, plea agreement, minute order, and abstract of judgement all re-
16 flect an admission to "battery with serious bodily injury" and nothing more,
17 (See Exhibits A(7) -B(4) collectively,)
18    There's no unique factual distinction between Taylor's guilty verdict
19 and petitioner's guilty plea, which were battery with serious bodily injury
20 (§243(d), thus, in light of Trujillo, the admission made in the instant case
21 (SCD171751- Exhibit D - p. 53-lines 21-24) that petitioner inflicted great bodily
22 injury in the 1992 conviction is protected from successive prosecution for
23 the same offense by the double jeopardy clause under federal and state
24 Constitution. (See <u>Trujillo</u>, supra, 40 Cal. 4th at pp.179-180 citing <u>Texas v Cobb</u>,
25 532 U.S. at 173; see also <u>People v Valladoli</u> (1996)13 Cal. 4th 590, 601("the equiva-
26 lence of 'guilty pleas' and 'guilty verdicts' relates to their legal effect, and our state-
27 ments finding them to be equivalent are therefore contextual."); <u>People v Statim</u>,(2002)
28 28 Cal. 4th 682("A guilty plea is the legal equivalent of a verdict and is tantamount to
a finding"); U.S. Const. 5th Amend.; Cal. Const. Art. 1, § 15.)

1   Accordingly, and implicitly, the California Supreme
2   Court's denial of petitioner's state habeas petition was
3   based on an unreasonable determination of the facts in light
4   of the evidence presented in the state court, People v
5   Trujillo, supra, 40 Cal. 4th 165, 179-180, 28 U.S.C. § 2254(d)(2)
6   and involved an unreasonable application of clearly established
7   Supreme Court precedent, Texas v Cobb, 532 U.S. 162, 173
8   (2001); Fiore v White, 531 U.S. 225, 228 (2001); Santobello v
9   New York, 404 U.S. 257, 262 (1971); Jackson v Virginia, 433 U.S.
10  307, 320 (1979); see also Sheppard v United States, 544 U.S. 13,
11  26 (2005), within the meaning of 28 U.S.C § 2254(d)(1).(i.e.
12  Mabry v Johnson, 467 U.S. 504, 509-10 (1984); Ricketts v Adamson,
13  483 U.S. 1, 6 n.6 ("holding that the interpretation of state plea
14  agreements is a matter of state law."); United States v Snellen-
15  berger, 480 F.3d 1187, 1190 (9th Cir. 2007) (" a charging document com-
16  bined with only a minute order showing a "guilty plea" is not enough
17  to determine the substance of a "prior conviction" under the Armed
18  Career Criminal Act (ACCA)".) citing Sheppard v United States, 544 u.s. at
19  26 ("in determining whether a "prior conviction" based on a "guilty
20  plea" fell within the Armed Career Criminal Act (ACCA), the courts
21  should consider the charging document, a plea agreement or tran-
22  script of a colloquy with the judge where the underlying facts
23  are confirmed or other comparable judicial records.")(18 U.S.C. § 22 (g)
24  (1).) (i.e, Trujillo, supra, 40 Cal. 4th at p. 180; Exhibits B-B(4).)
25      Based on the above and the change in the law by the California
26  Supreme Court and the insufficient evidence produced by the prosecution
27  petitioner's sentence is legally unauthorized which is a miscarriage of justice
28  and prejudicial. (Santobello v New York, 404 u.s. 257; In Re Bell (1942) 11 Cal. 2d
    488; People v Dotson (1997) 16 Cal. 4th 547, 554, fn. 6.)

23

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes   ☒ No

**24.** If your answer to #23 is "Yes," give the following information:

(a) Name of Court:

(b) Case Number:

(c) Date action filed:

(d) Nature of proceeding:

(e) Name(s) of judges (if known):

(f) Grounds raised:

(g) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes   ☐ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing . . . . . . . . Carolyn Bumer - P.D. - 233 A. Street, Ste. 4th Fl.
San Diego, Ca. 92101

(b) At arraignment and plea . . . . . . . Jean Brandl - APD - 110 West C. Street, Ste. 1100,
San Diego, Ca. 92101

(c) At trial . . . . . . . . . . . . . . . . . . . . N/A

(d) At sentencing . . . . . . . . . . . . . . William M. Apgar - Attorney At Law
185 West F. Street, Ste. 100
San Diego, Ca. 92101-6001

(e) On appeal . . . . . . . . . . . . . . . . . Jonathan P. Milberg - Attorney at Law
300 N. Lake Ave., Ste. 320
Pasadena, Ca. 91101

(f) In any post-conviction proceeding . In Pro Se

(g) On appeal from any adverse ruling in a post-conviction proceeding:

CIV 68 (Rev. Jan. 2006)

cv

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes   ☒ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes   ☒ No

   (a) If so, give name and location of court that imposed sentence to be served in the future:

   (b) Give date and length of the future sentence:

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   ☐ Yes   ☐ No

28. Consent to Magistrate Judge Jurisdiction

   In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

   The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

   You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court:

CIV 68 (Rev. Jan. 2006)

25

cv

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_January 31, 2008_ _Michael Anthony Paul_____
(DATE)                              SIGNATURE OF PETITIONER

CIV 68 (Rev. Jan. 2006)

26

cv

EXHIBIT A

Court of Appeal, Fourth Appellate District, Div. 1 - No. D051274
**S158338**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re MICHAEL ANTHONY LANE on Habeas Corpus

The petition for review is denied.

Werdegar, J., was absent and did not participate.

SUPREME COURT
FILED

JAN - 3 2008

Frederick K. Ohlrich Clerk

Deputy

GEORGE
Chief Justice

A

S153736

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re MICHAEL ANTHONY LANE on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

DEC 1 2 2007

Frederick K. Ohlrich Clerk

Deputy

**GEORGE**

---

Chief Justice

A(1)

S149323

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re MICHAEL LANE on Habeas Corpus

---

The petition for writ of habeas corpus is denied.  (See *In re Clark* (1993) 5 Cal.4th 750; *In re Waltreus* (1965) 62 Cal.2d 218, 225; *In re Miller* (1941) 17 Cal.2d 734.)

SUPREME COURT
FILED

JUN 1 8 2007

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE

_____
Chief Justice

A(2)

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA



NOV 6 2007

Court of Appeal Fourth District

| | |
|---|---|
| In re MICHAEL ANTHONY LANE | D051274 |
| on | (San Diego County |
| Habeas Corpus. | Super. Ct. No. SCD 171751) |

THE COURT:

 The petition for a writ of habeas corpus has been read and considered by Justices Huffman, Nares and Irion. We take judicial notice of the direct appeal (D042554) and previous petitions (D050509 and D050856).

 On April 9, 2003, Michael Anthony Lane entered a negotiated guilty plea to possessing cocaine base for sale. Lane admitted he had a prior conviction for possessing cocaine base for sale and a 1992 conviction of battery with serious bodily injury, which was charged as a serious felony prior conviction [case No. CR133708] (Pen. Code, §§ 243, subd. (d), 667, subds. (b)-(i), 1170.12, all statutory references are to the Penal Code). On July 17, 2003, the court sentenced Lane to the stipulated term of nine years in prison.

 Among other issues on appeal, Lane claimed the 1992 conviction for battery with serious bodily injury did not qualify as a serious felony. We rejected that argument and affirmed the judgment on October 20, 2004. Lane claims *People v. Trujillo* (2006) 40 Cal.4th 165 ("*Trujillo*"), is a change in the law that invalidates the use of his 1992 conviction as a strike because the crime of battery with serious bodily injury under section 243, subdivision (d) is not per se a strike and the use of his 2003 admission was improper to enhance his sentence.

 In *Trujillo*, the defendant claimed his prior conviction for inflicting corporal injury was not a strike. In a bench trial, the prosecution relied on defendant's post-conviction comment related in a probation report that he had stabbed the victim with a knife. The trial court determined the comment in the report could not be used to qualify the

A(3)

conviction as a strike; the court of appeal reversed. Ultimately our Supreme Court concluded that "a defendant's statements, made after a defendant's plea of guilty has been accepted, *that appear in a probation officer's report* prepared after the guilty plea has been accepted are not part of the record of the prior conviction, because such statements do not 'reflect[] the facts of the offense for which the defendant was convicted.' [Citation.]" (*Trujillo, supra,* 40 Cal.4th at p. 179, italics added.)

*Trujillo* does not apply to Lane because he *waived trial* on whether his 1992 conviction qualified as a strike and expressly admitted it qualified. Had Lane proceeded to trial, the People likely would have relied on Lane's change of plea form executed on August 31, 1992, in which he stated as the factual basis for the plea: "I now plead Guilty to the charges described in #1 above and admit that on the date charged *I . . . unlawfully struck Shawn Mills and thereby caused a broken jaw."* (Emphasis added.) Unlike a probation report, a defendant's change of plea is part of the record of the prior conviction for purposes of determining the truth of a prior conviction allegation. (See *People v. Thoma* (2007) 150 Cal.App.4th 1096, 1101.) Battery with serious bodily injury qualifies as a strike if the defendant personally inflicts injury (rather than aiding and abetting another) and the victim is not an accomplice. (*People v. Bueno* (2006) 143 Cal.App.4th 1503, 1508.) Given Lane's statement on the change of plea form that he struck the victim and the lack of evidence he was only an aider and abettor or that victim Shawn Mills was an accomplice, Lane has not established his sentence is unauthorized.

*[handwritten annotations in right margin: "SEE Barragan, Supra, 32 C.4th 236", "Speculation", "Texas v Cobb 532 U.S. at 173", "Double Jeopardy Clause"]*

The petition is denied.

*[signature]* HUFFMAN, Acting P. J.

Copies to: All parties

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

FILED
Stephen M. Kelly, Clerk
JUN 1 4 2007
Court of Appeal Fourth District

| | |
|---|---|
| In re MICHAEL ANTHONY LANE | D050856 |
| on | (San Diego County |
| Habeas Corpus. | Super. Ct. No. SCD 171751) |

THE COURT:

The petition for writ of habeas corpus has been read and considered by Presiding Justice McConnell and Associate Justices McDonald and Irion. The petition is procedurally barred because the fundamental issue raised in the petition, whether petitioner's battery with serious bodily injury conviction should have been classified as a strike prior, was raised and rejected on appeal. (*In re Clark* (1993) 5 Cal.4th 750, 765.) The petition is denied.

IRION, Acting P. J.

Copies to:  All parties

A(4)

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

MICHAEL ANTHONY LANE,

     Petitioner,

     v.

THE SUPERIOR COURT OF SAN
DIEGO COUNTY,

     Respondent;

THE PEOPLE,

     Real Party in Interest.

D050509

(San Diego County
Super. Ct. No. SCD 171751)

F I L E D
Stephan M. Kelly, Clerk

JUN 1 4 2007

Court of Appeal Fourth District

THE COURT:

     The petition for writ of error coram vobis and supplemental arguments and
authorities have been read and considered by Presiding Justice McConnell and Associate
Justices McDonald and Irion.  The petition is denied.

                                          IRION, Acting P. J.

Copies to:  All parties

A(5)

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.

### OPINION ON REHEARING

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

F I L E D
Stephan M. Kelly, Clerk
OCT 2 0 2004
Court of Appeal Fourth District

| | |
|---|---|
| THE PEOPLE, | D042554 |
|     Plaintiff and Respondent, | |
|     v. | (Super. Ct. No. SCD171751) |
| MICHAEL ANTHONY LANE, | |
|     Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, William D. Mudd, Judge. Affirmed.

Michael Anthony Lane entered a negotiated guilty plea to possessing cocaine base for sale (Health & Saf. Code, § 11351.5) and admitted a prior conviction of possessing cocaine base for sale (Health & Saf. Code, § 11370.2) and a 1992 conviction of battery causing serious bodily injury (Pen. Code, § 243, subd. (d)),[1] charged as a strike prior

---

[1]    All further statutory references are to the Penal Code.

**EXHIBIT**                                      A(6)

Lane argues the officer's testimony that the plastic bag containing cocaine base protruded from his shirtsleeve and was in plain view is implausible because it was dark outside and the officer did not use a flashlight and, in his police report, Cesena said the reason for the arrest was an outstanding warrant for domestic violence. Lane is mistaken. Cesena testified the arrest took place in a well-lit parking lot and it was not dark. Cesena reviewed the police report at defense counsel's request and thereafter testified that the police report said that when Lane stepped from his car, Cesena advised him he was being arrested for possessing a controlled substance. The court believed Officer Cesena, not Lane who admitted he used rock cocaine 10 minutes before the stop.

Lane also argues that the evidence found in the container in the car was illegally seized since he was in handcuffs in custody outside the car when the search occurred. However, in *New York v. Belton* (1981) 453 U.S. 454, the United States Supreme Court held, "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach." (*Id.* at p. 460, fns. omitted.)

The trial court here did not err in denying the motion to suppress evidence.

## II

In response to our request for additional briefing, Lane contends the court erred in determining his 1992 conviction for battery with serious bodily injury (§ 243, subd. (d))

5

is a serious felony within the meaning of section 1192.7, subdivision (c)(8) and using it as a strike conviction to increase his sentence.  Lane primarily relies on our decision in *People v. Taylor* (2004) 118 Cal.App.4th 11 (*Taylor*).

Section 1192.7, subdivision (c) defines serious felonies.  Battery with serious injury is not specifically enumerated as a serious felony.  However, pursuant to subdivision (c)(8) of section 1192.7 a "felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice" qualifies as a serious felony.

In *Taylor*, the defendant physically assaulted his girlfriend, including by punching her in the face, which caused a small crack in the bone around her left eye, an injury that would normally heal without treatment.  The defendant was charged with battery with serious injury, among other offenses, and an enhancement he had inflicted great bodily injury (§ 12022.7, subds. (a), (e)).  The court instructed the jury pursuant to CALJIC No. 9.12 on the elements of battery with serious bodily injury.  This instruction defined "serious bodily injury" as "a serious impairment of physical condition, including but not limited to the following: loss of consciousness, concussion, *bone fracture*, protracted loss or impairment of bodily function or the function of any bodily member or organ, or a wound requiring extensive suturing or serious disfigurement." (Italics added.)  The court also instructed the jury pursuant to CALJIC No. 17.20 that "'[g]reat bodily injury' . . . means a significant or substantial physical injury.  Minor, trivial or moderate injuries do not constitute great bodily injury."  During closing argument, defense counsel argued the bone fracture was not "great bodily injury" because it was only a "moderate injury" but did not dispute the fracture was a "serious bodily injury." (*Taylor, supra,* 118

6

Cal.App.4th at p. 21.)  The jury convicted the defendant of battery with serious bodily injury but rejected a finding he had inflicted great bodily injury.  The trial court determined the battery with serious injury was a serious felony within the meaning of section 1192.7, subd. (c)(8).  We disagreed.

In reaching our decision, we observed that while generally the terms "serious bodily injury" and "great bodily injury" are "described as being 'essentially equivalent' [citation] or having 'substantially the same meaning' [citations], they have separate and distinct statutory definitions." (*Taylor, supra,* at p. 24.) The *Taylor* jury had made the factual determination that while the victim's bone fracture qualified as a "serious bodily injury," it did not qualify as "great bodily injury" "because it was only a 'moderate' injury within the meaning of CALJIC No. 17.20." (*Id.* at p. 25.)  We concluded, "[t]hus, the jury's finding that the bone fracture fell within the definition of serious bodily injury was not equivalent to a finding of great bodily injury," and "the usual assumption that the two terms have essentially the same meaning" could not be applied.  (*Id.* at pp. 25-26.)

Lane's case is distinguishable from *Taylor*. First, *Taylor* involved a charged offense of a battery with serious injury and a jury finding that the defendant had not inflicted great bodily injury. Here, the battery with serious bodily injury was not a charged offense, but was a strike prior and Lane admitted he had been "convicted of the felony strike offense of battery inflicting great bodily injury." This case does not involve the unique factual situation key to the decision in *Taylor*, but the more typical situation where great bodily injury and serious bodily injury have the same meaning and indeed, a

*[Handwritten annotations:]*

Petitioner's 1992 conviction involved the same charged battery with serious bodily injury. A Guilty PLEA and a JURY verdict are equivalent and a tantamount to the finding of every element of the charged crime, therefore, there is no distinction in petitioner's 1992 battery with serious bodily injury (§243(d)), than Taylor's battery with serious bodily injury because both convictions are for the "LEAST ADJUDICATED ELEMENTS of the charged offense, (See Trujillo, supra, 40 C.4th at pp. 179-180; Thomas, supra, 150 C.A.4th 1046.)

situation where Lane admitted the battery with serious bodily injury involved the infliction of great bodily injury.

Moreover, Lane entered into a plea bargain that stipulated he would receive a nine-year sentence in exchange for the dismissal of other counts. "Where [a defendant has] pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process." (*People v. Hester* (2000) 22 Cal.4th 290, 294.) It is improper for an appellate court to reduce a negotiated sentence while allowing a defendant to retain the benefits of a plea agreement (e.g., dismissal of other counts). (*People v. Enlow* (1998) 64 Cal.App.4th 850, 854.) A defendant is estopped from complaining of a sentence to which he agreed. (*People v. Hester, supra,* 22 Cal.4th at p. 295.)

Thus, even if Lane had not admitted his prior battery with serious bodily injury conviction was a serious felony, it would be inappropriate to reverse the finding and reduce his sentence since he stipulated to a prison term of nine years as part of a plea agreement in exchange for the People's agreement to dismiss another count and three prison prior enhancements.

8

DISPOSITION

The judgment is affirmed.

_____
McCONNELL, P. J.

WE CONCUR:

_____
McDONALD, J.

_____
AARON, J.

9

F I L E D
Clerk of the Superior Court

APR 2 5 2007

By: L. SANDOVAL, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

IN RE THE PETITION OF:            )    HC18836
                                  )    SCD 171751
MICHAEL ANTHONY LANE,             )
                                  )
            Petitioner.           )    ORDER DENYING PETITION FOR WRIT
                                  )    OF HABEAS CORPUS
                                  )
                                  )

AFTER REVIEWING THE PETITION FOR WRIT OF HABEAS CORPUS AND THE COURT FILE IN THE ABOVE REFERENCED MATTER, THE COURT FINDS AS FOLLOWS:

On April 9, 2003, Petitioner pled guilty to one count of cocaine base for sale (Health & Safety Code § 11351.5), admitted that he had a prior conviction for the same type of offense (Health & Safety Code § 11370.2(a)), and a 1992 conviction of battery causing serious bodily injury (Penal Code §243(d)) charged as a strike prior (Penal Code §§ 667(b)-(i), 1170.12, 668).

On July 17, 2003, the Court sentenced Petitioner to the total *stipulated* term of nine years, which was the low term doubled (six years), pursuant to Penal Code §667(b)-(i), plus three years for the prior drug offense conviction.

Petitioner timely appealed arguing that the trial court erred in denying his motion to suppress evidence and in determining his 1992 conviction for battery with serious bodily injury (Penal Code §243(d)) was a serious felony within the meaning of Penal Code §1192.7(c)(8) and

ORDER - 1

A(7)

1   using it as a strike conviction to increase his sentence. On October 20, 2004, the Fourth District

2   Court of Appeal affirmed the judgment. (Court of Appeal, 4th App. Dist., Div. 1, unpublished

3   opinion, dated October 20, 2004, D042554.)

4        On January 12, 2005, the California Supreme Court denied Petitioner's petition for

5   review (Case # S129419).

6        On March 8, 2005, Petitioner filed a Motion to Vacate an Enhancement and Motion to

7   Modify Sentence, which was denied by this Court.

8        According to the Petition, on September 26, 2006, the United States District Court

9   denied his Petition for Writ of Habeas Corpus wherein Petitioner claimed a 4th Amendment

10  violation and ineffective assistance of counsel.

11       Currently, Petitioner has a Notice of Appeal/Certificate of Appealability pending before

12  the United States Court of Appeal for the Ninth Circuit.

13       On March 5, 2007, Petitioner filed the present Petition for Writ of Habeas Corpus

14  claiming ineffective assistance of counsel and breach of the plea agreement by the prosecution.

15  The Petition is denied for the reasons set forth herein.

16       First, Every petitioner, even one filing in pro per, must set forth a prima facie statement

17  of facts which would entitle him to habeas corpus relief under existing law. (*In re Bower* (1985)

18  38 Cal.3d 865, 872; *In re Hochberg* (1970) 2 Cal.3d 870, 875 fn 4.) Vague or conclusionary

19  allegations do not warrant habeas relief. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.) The

20  petitioner then bears the burden of proving the facts upon which he bases his claim for relief.

21  (*In re Riddle* (1962) 57 Cal.2d 848, 852.) The petition should include copies of "reasonably

22  available documentary evidence in support of claims, including relevant . . . affidavits or

23  declarations." (*People v. Duvall, supra* 9 Cal.4th 474.) As set forth below, Petitioner has failed

24  to meet this burden.

25

26       In order for a convicted defendant to establish that counsel's assistance was so defective

27  as to require reversal of a conviction, the defendant must show: (1) that counsel committed error

28  so serious that his attorney was not functioning as the "counsel" guaranteed by the Sixth

29  Amendment, and (2) that the deficient performance prejudiced the defense. (*Strickland v.*

30  *Washington* (1984) 466 U.S. 668, 687; *People v. Ledesma* (1987) 43 Cal.3d 171, 216.)

ORDER - 2

1         The *Strickland* court advised, "a court need not determine whether counsel's performance

2    was deficient before examining the prejudice suffered by the defendant as a result of the alleged

3    deficiencies . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of

4    sufficient prejudice, which we expect will often be so, that course should be followed."

5    (*Strickland, supra*, 466 U.S. at 697.) To prove prejudice, defendant must affirmatively prove the

6    "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding

7    would be different. A reasonable probability is a probability sufficient to undermine confidence

8    in the outcome." (*Id.* at 694; see also *Ledesma, supra*, 43 Cal.3d at 217.) Additionally,

9    Defendant's assertions must be corroborated independently by objective evidence. (*In re*

10   *Alvernaz* (1992) 2 Cal.4th 924, 933.)

11

12        Here, Petitioner failed to make a prima facie showing entitling him to relief. Petitioner

13   contends that his counsel was ineffective because she failed to investigate and research the law

14   regarding Petitioner's prior battery conviction and failed to realize that battery with serious

15   bodily injury did not qualify as a serious felony strike under Penal Code §1192.7(c). (Petition, p.

16   4.)

17        However, despite Petitioner's assertion, he has not demonstrated how he was prejudiced

18   by counsel's alleged errors. In fact, he cannot show prejudice as Petitioner stipulated to the nine-

19   year term, and thus avoided what could have been a substantially longer term if the People had

20   not dismissed the other count and the three prison prior enhancements. Petitioner now seeks a

21   more lenient sentence, yet he avoided the potentially harsher sentence by entering into this plea.

22   Had a jury convicted him of both counts, the Court could have imposed a far longer sentence

23   than it agreed to do here, especially using the prior allegations that would not have been stricken.

24   Thus, Petitioner failed to establish that a reasonable probability exists that, but for trial counsel's

25   alleged failings, the result of his case would have been more favorable to him. Accordingly, this

26   Court need not reach the issue of whether his counsel's assistance fell outside the range of

27   reasonable professional assistance.

28

29        Additionally, Petitioner's claims raised in this Petition are based primarily on

30   restatements and reformulations of arguments previously made and rejected by the Court of

1    Appeal. Where an issue was previously raised and rejected on direct appeal and the petitioner

2    does not allege sufficient justification for renewal of the issue on habeas corpus, the petitioner is

3    procedurally barred from raising the issue again. (*In re Harris* (1993) 5 Cal. 4th 813, 825.)

4        Here, the claims raised in this Petition are based on the issue of whether Petitioner's 1992

5    conviction for battery with serious bodily injury (Penal Code §243(d)) is a serious felony within

6    the meaning of Penal Code §1192.7(c)(8), and whether using it as a strike conviction to increase

7    his sentence was improper.   These same issues were raised on appeal and were essentially

8    resolved by the Fourth District Court of Appeal in the decision rendered in October, 2004. The

9    Court of Appeal stated: "..Here, the battery with serious bodily injury was not a charged

10   offense, but was a strike prior and Lane admitted he had been 'convicted of the felony strike

11   offense of battery inflicting great bodily injury.' This case does not involve the unique factual

12   situation key to the decision in <u>Taylor</u>, but the more typical situation where great bodily injury

13   and serious bodily injury have the same meaning and indeed, a situation where Lane admitted the

14   battery with serious bodily injury involved the infliction of great bodily injury. ¶ Moreover, Lane

15

16   entered into a plea bargain that stipulated he would receive a nine-year sentence in exchange for

17   the dismissal of other counts. 'Where [a defendant has] pleaded guilty in return for a *specified*

18   sentence, appellate courts will not find error even though the trial court acted in excess of

19   jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental*

20   jurisdiction. The rationale behind this policy is that defendants who have received the benefit of

21   their bargain should not be allowed to trifle with courts by attempting to better the bargain

22   through the appellate process.' (<u>People v. Hester</u> (2000) 22 Cal.4th 290, 294.) It is improper for

23   an appellate court to reduce a negotiated sentence while allowing a defendant to retain the

24   benefits of a plea agreement (e.g., dismissal of other counts). (<u>People v. Enlow</u> (1998) 64

25   Cal.App.4th 850, 854.) A defendant is estopped from complaining of a sentence to which he

26   agreed. (<u>People v. Hester</u>, <u>supra</u>, 22 Cal.4th at p. 295.) ¶ Thus, even if Lane had not admitted his

27

28   prior battery with serious bodily injury conviction was a serious felony, it would be inappropriate

29   to reverse the finding and reduce his sentence since he stipulated to a prison term of nine years as

30   part of a plea agreement in exchange for the People's agreement to dismiss another count and

*[Handwritten marginal insertions:]* Petitioner was charged with battery with serious bodily injury in the 1992 conviction (§243(d), and based on Trujillo, the admission made in the instant case does not reflect the fact which petitioner was convicted (Id. at pp. 179-180; Thomas, supra, 150 C.A. 4th 1096.)

1  three prison prior enhancements." (Court of Appeal, 4th App. Dist., Div. 1, unpublished opinion,

2  dated October 20, 2004, D042554.)

3      As Petitioner has not alleged any justification for the renewal of these issues on habeas

4  corpus, the Court may deny the instant Petition on this basis.    Also, Petitioner had the

5  opportunity to argue the issue further but did not in the appeal.

6      Further, the general rule is that habeas corpus cannot serve as a substitute for an appeal,

7  and that matters that "could have been, but were not, raised on a timely appeal from a judgment

8  of conviction" are not cognizable on habeas corpus in the absence of special circumstances

9  warranting departure from that rule. (*In re Clark* (1993) 5 Cal.4th 750, 765 [quoting *In re Dixon*

10 (1953) 41 Cal.2d 756, 759; *In re Walker* (1974) 10 Cal.3d 764, 773.)  Here, to the extent that

11 Petitioner is now claiming that the prosecution did not present any evidence to support or prove

12 that Petitioner suffered a serious felony strike in the prior battery conviction when accepting the

13 plea agreement, this claim could have been, but was not, raised on appeal.    Petitioner has

14 provided no explanation why this claim was not brought on direct appeal.   Thus, this claim may

15 likewise be denied.

16      Moreover, as noted above, Petitioner *pled guilty*. "[A] guilty plea constitutes an

17 admission of every element of the offense charged and constitutes a conclusive admission of

18 guilt. (Citation omitted.) It waives a trial and obviates the need for the prosecution to come

19 forward with any evidence. (Citations omitted.) A guilty plea thus concedes that the prosecution

20 possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable

21 doubt. Accordingly, a plea of guilty waives any right to raise questions regarding the evidence,

22 including its sufficiency or admissibility, and this is true whether or not the subsequent claim of

23 evidentiary error is founded on constitutional violations. By pleading guilty a defendant

24 '[waives] any right to question how evidence had been obtained just as fully and effectively as he

25 [waives] any right to have his conviction reviewed on the merits.'" (*People v. Turner* (1985) 171

26 Cal. App. 3d 116, 125-126.)  A guilty plea admits each element of the admitted offense, is itself

27 a conviction, and leaves nothing more than for judgment to be entered and punishment imposed.

28 (See *People v. Hill* (1974) 12 Cal.3d 731, 767.)

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| ☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814<br>☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827<br>☐ FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296<br>☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105<br>☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649<br>☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792<br>☐ JUVENILE COURT, 1701 MISSION AVE., OCEANSIDE, CA 92054-7102 | F i L E D<br>Clerk of the Superior Court<br><br>APR 2 5 2007<br><br>By: L. SANDOVAL, Deputy |
| PLAINTIFF(S)/PETITIONER(S)<br><br>The People of The State of California | |
| DEFENDANT(S)/RESPONDENT(S)<br><br>MICHAEL ANTHONY LANE | JUDGE: ____<br><br>DEPT: ____ |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL**<br>(CCP 1013a(4)) | CASE NUMBER<br><br>HC18836<br>SCD171751 |

I certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:  ☒ San Diego  ☐ Vista  ☐ El Cajon  ☐ Chula Vista  ☐ Oceanside  ☐ Ramona, California.

| NAME | ADDRESS |
|---|---|
| MICHAEL ANTHONY LANE | CDC # T-99193<br>P.O. BOX 2349<br>BLYTHE, CA  92226 |
| SAN DIEGO COUNTY DISTRICT ATTORNEY'S OFFICE<br>APPELLATE DIVISION | P.O. BOX 121011<br>SAN DIEGO, CA 92112-1011 |

CLERK OF THE SUPERIOR COURT

Date:04/25/07___     By L. SANDOVAL_____, Deputy

EXHIBIT B

F I L E D
KENNETH E. MARTONE
Clerk of the Superior Court

AUG 3 1 1992 #13

By: J.D. DAVIS, Deputy
CR133708

MUNICIPAL COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
SAN DIEGO JUDICIAL DISTRICT

People vs. *MICHAEL ANTHONY LANE*          Case No. *F150806*

## PLEA OF (GUILTY)/NO CONTEST - FELONY

The defendant in the above-entitled action, in support of his motion to change his plea(s) in open Court, personally and by his attorney, does declare that his attorney in this case is *DAN LESTER* _____ and does further declare as follows:

1. Of those charges now filed against me in this case, I wish to plead *GUILTY* to the following violation: (List Crimes and Code Sections)
   *P.C. 243(d) BATTERY WITH SERIOUS BODILY INJURY.*

   _____

1a. (If Applicable) I also wish to admit the following enhancement(s)/prior conviction(s) with which I am charged: (List Court, Docket No. and Date of any Prior Conviction)
    *N/A*

    _____

2. I have not been induced to enter the above plea by any promise or representation of any kind, except: (Briefly state any plea bargain with the District Attorney.)
   *COP TO CT. 1 — D.A. TO DISMISS BALANCE OF CASE — STIPULATED 4 YEAR SENTENCE CONCURRENT WITH So. BAY CASE # SF91733 + ANY PROBATION AND/OR PAROLE VIOLATIONS — ARBUCKLE WAIVER TO JUDGE RODRIGUEZ IN So. BAY DEPT. A FOR SENTENCING ON 9/21/92 @ 2:00 P.M.*

**RIGHT TO A LAWYER**

3. I understand that I have the right to be represented by a lawyer at all stages of the proceedings, including this one. I can hire my own lawyer, or the Court will appoint a lawyer for me if I cannot afford one.

**CONSTITUTIONAL RIGHTS**

I understand that I also have the following constitutional rights, which I now give up to plead either (Guilty) or No Contest:

| | I understand this right. | I give up this right. |
|---|---|---|
| 4. The right to be tried by a jury, in a speedy, public trial. | | |
| 5. The right to confront and to cross-examine all the witnesses against me. | | |
| 6. The right to remain silent (unless I choose to testify on my own behalf). | | |
| 7. The right to present evidence and to have witnesses subpoenaed to testify in my behalf at no cost to me. | | |

**CONSEQUENCES OF PLEA OF GUILTY OR NO CONTEST**

8a. I understand that I may serve this maximum sentence as a result of my plea: *4* years in State Prison, $*10,000* fine plus restitution and/or a restitution fine and 48 months parole, with up to one year return to prison for every parole violation. If I should receive probation (for up to five years), I understand that I may be given up to a year in local custody, plus the fine plus restitution and/or a restitution fine, and any other conditions deemed reasonable by the Court. I understand that if I violate any terms or conditions of probation I can be sent to State Prison for the maximum term as stated above.

8b. My attorney has explained to me that other possible direct consequences of this plea may be: (Circle applicable consequences.)
   (a) Ineligibility for probation. *ALL PER ORIGINAL*   (d) Loss of driving privileges.
   (b) Prison sentence presumptive.                     (e) Commitment to the Youth Authority.
   (c) Registration as an arsonist, sex or               (F) *PRISON PRIOR*
       narcotics offender.

9. I understand that if I am not a citizen of the United States a plea of (Guilty) or No Contest could result in deportation, exclusion from admission to this country, or denial of naturalization.

10. I understand that my plea of (Guilty) or No Contest in this case could result in revocation of my probation or parole in other cases.

SDMC Form 711 (Rev. 01/89)

**Ex. B**

11. I now plead **GUILTY** to the charge described in #1 above and admit that on the date charged I: (Describe facts as to each charge in #1.) **WILLFULLY STRUCK SHAUN WALLS AND THEREBY CAUSED A BROKEN JAW**

11a. (If Applicable) I understand that as to any and all prior conviction(s)/enhancement(s) alleged against me in this case, I have all the constitutional rights listed in #3 - #7 above. As to any prior convictions alleged I understand that if I request a jury trial on the current case, the jury would not learn of, or decide, the prior conviction(s) unless and until the jury found me guilty on the current charges.

11b. (If Applicable) I hereby admit the prior conviction(s)/enhancement(s) listed in this form, and give up my constitutional rights, including the right to a separate jury determination on the issue of the prior conviction(s).

12. I do understand that the matter of probation and sentence is to be determined solely by the Court.

13. (Harvey Waiver) The sentencing judge may consider the entire factual background of the case, including any dismissed or stricken charges or allegations or cases, and any charges the District Attorney agrees not to file, when granting probation, ordering restitution or imposing sentence.

14. I am entering my plea freely and voluntarily, without threat or fear to me or anyone closely related to me.

15a. I am pleading Guilty because in truth and in fact I AM GUILTY.

15b. I understand that a plea of No Contest is the same as a plea of Guilty in this criminal case and for all purposes has the same consequences as a plea of Guilty.

16. I am now sober. I have not consumed any drug, alcohol or narcotic within the past 24 hours to the extent that my judgment is impaired.

17. I declare under penalty of perjury, under the laws of the State of California, that I have read, understood, and initialed each item above, and everything on the form is true and correct.

Dated: 8/24/92

_____
Defendant's Signature

_____
Defendant's Address

_____ _____ _____
City          State          Zip

_____
Defendant's Telephone Number

### ATTORNEY'S STATEMENT

The undersigned states that (s)he is the attorney for defendant in the above-entitled action, that (s)he personally read and explained the contents of the above declaration to the defendant and each item thereof; that no meritorious defense exists to the charge(s) to which defendant is pleading Guilty/No Contest; that (s)he personally observed the defendant fill in and initial each item, or read and initial each item to acknowledge explanation of the contents of each item; that (s)he observed defendant date and sign said declaration; that (s)he concurs in defendant's above plea and in defendant's waiver of constitutional rights.

Dated: 8/24/92          _____
                        Attorney for Defendant

### INTERPRETER'S STATEMENT (If Applicable)

I, the interpreter in this proceeding, having been duly sworn, truly translated this form and all the questions therein to the defendant in the _____ language. The defendant indicated that (s)he understood the contents of the form and (s)he then initialed and signed the form.

Dated: _____          _____
                                Court Interpreter

### PROSECUTOR'S STATEMENT

The People of the State of California, plaintiff in the above-entitled criminal action, by and through its attorney, EDWIN L. MILLER, JR., District Attorney, concurs in the defendant's plea of Guilty/No Contest as set forth above.

Dated: 8/26/92          _____
                        Deputy District Attorney

### COURT'S FINDINGS AND ORDER

The Court, having questioned the defendant concerning the defendant's constitutional rights, finds that defendant has voluntarily and intelligently waived his/her constitutional rights. The Court finds that defendant's pleas and admissions are freely and voluntarily made; that defendant understands the nature of the charges and the consequences of the plea, and that there is a factual basis for the plea. The Court accepts defendant's plea, and the defendant is hereby convicted on his plea.

Dated: 8/24/92          _____
                        Judge of the Municipal Court

# ABSTRACT OF JUDGMENT – PRISON COMMITMENT
## SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

FORM DSL 290.1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO

**BRANCH** SOUTH BAY

KENNETH E. MARTONE
Clerk of the Superior
SEP 24 1992
By R HENDERSON, Deputy

COURT I.D. [ 3 7 ]

PEOPLE OF THE STATE OF CALIFORNIA versus
**DEFENDANT:** MICHAEL LANE
AKA.

CASE NUMBER
CR 133700

☒ PRESENT
☐ NOT PRESENT

**COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT**

AMENDED
ABSTRACT ☐

| DATE OF HEARING, (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 09-21-92 | SBA | JESUS RODRIGUEZ | G. BURGESS |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| K. MORALES | P. ATWILL | B. GERRARD | J. FINCH |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY (OR ALTERNATE FELONY/MISDEMEANOR):

| COUNT | CODE | SECTION NUMBER | CRIME | | DATE OF CONVICTION | | CONVICTED BY | | | TIME IMPOSED |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | MO | DAY | YEAR | | | YEARS | MONTHS |
| 1 | PC | 243(D) | BATT. W/SER. BOD. INJ | | 08 | 24 | 92 | | | 4 | |

2. **ENHANCEMENTS** charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC. For each count list enhancements horizontally. Enter time imposed for each as "S" for stayed or strike. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

3. **ENHANCEMENTS** charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER. List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list §1667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

4. OTHER ORDERS: COURT RECOMMENDS DEFT PARTICIPATE IN DONOVAN'S RIGHT TURN AMITY PROGRAM.

5. TIME STAYED §1170.1(a) (DOUBLE BASE LIMITS)

6. TOTAL TERM IMPOSED:   4.

7. ☒ THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S): SF 71733

8. EXECUTION OF SENTENCE IMPOSED

| A ☒ AT INITIAL SENTENCING HEARING | B ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL | C ☐ AFTER REVOCATION OF PROBATION | D ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d)) | E ☐ OTHER |
|---|---|---|---|---|

9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 09-21-92

| CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS 56 | INCLUDING | ACTUAL LOCAL TIME 38 | LOCAL CONDUCT CREDITS 18 | STATE INSTITUTIONS ☐ DMH | ☐ CDC |
|---|---|---|---|---|---|---|

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

☐ FORTHWITH.
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS.
☐ INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:
☐ CALIF. INSTITUTION FOR WOMEN / FRONTERA
☐ CALIF. MEDICAL FACILITY – VACAVILLE
☐ SAN QUENTIN
☐ CALIF. INSTITUTION FOR MEN – CHINO
☐ DEUEL VOC. INST.
☒ OTHER (SPECIFY) RICHARD J. DONOVAN CORRECTIONAL FACILITY

## CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE 9-24-92 |
|---|---|
| R. HENDERSON | |

This form is prescribed under Penal Code § 1213 to satisfy the requirements of § 1213 for determinate sentences under Penal Code § 1170. Attachments may be used but must be referred to in this document.

**ABSTRACT OF JUDGMENT – COMMITMENT**
**SINGLE OR CONCURRENT COUNT FORM**
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)
FORM DSL 290.1

Form Adopted by the
Judicial Council of California
Effective April 1, 1980

**Ex.B(1)**

DISTRIBUTION:   PINK COPY – COURT FILE   YELLOW COPY – DEPARTMENT OF CORRECTIONS   WHITE COPY – ADMINISTRATIVE OFFICE OF THE COURTS

CUSTODY

MUNICIPAL COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

San Diego Judicial District

CR133708

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

v.

MICHAEL ANTHONY LANE,

Defendant(s)

MC No. FF   150806
DA No. P    016019

F COMPLAINT FELONY I L E D
KENNETH E. MARTONE
Clerk of the Superior Court

AUG 3 1 1992

By: L D, DAVIS, Deputy

C O M P L A I N T

S U M M A R Y

| Ct. No. | Charge | Sentence Range | Defendant | Special Allegation | Alleg. Effect |
|---|---|---|---|---|---|
| 1 | PC243(d) | 2-3-4 | LANE, MICHAEL ANTHONY | | |
| 2 | PC242 | 6 Mos. | LANE, MICHAEL ANTHONY | | |
| 3 | PC422 | 16-2-3 | LANE, MICHAEL ANTHONY | | |
| 4 | PC242 | 6 Mos. | LANE, MICHAEL ANTHONY | | |
| | PC1054.3 | | REQUEST FOR INFORMAL DISCOVERY | | |

The undersigned, certifying upon information and belief, complains that in the County of San Diego, State of California, the Defendant(s) did commit the following crime(s):

COUNT - 1 BATTERY WITH SERIOUS BODILY INJURY

On or about May 17, 1992 MICHAEL ANTHONY LANE did willfully and unlawfully use force and violence upon the person of SHAWN MILLS resulting in the infliction of serious bodily injury on such person, in violation of PENAL CODE SECTION 243(d).

COUNT - 2 BATTERY

On or about May 17, 1992 MICHAEL ANTHONY LANE did willfully and unlawfully use force and violence upon the person of SHAWN MILLS, in violation of PENAL CODE SECTION 242.

Page 1 of Case No. FF    150806

Ex. B (2)

71

CASE 150806 _ DA PT _ EV HUNT READINESS _ SAN DIEGO MUNICIPAL COURT
DATE 08-24-92 AT 08:15 DEPT EDC JUDGE WILLIAM H. WOODWARD
CLK _____ RPT DYER 01 ___ PEO VS. LANE __ MICHAEL
VIOLATION(S) PC243(D) ___ PC242 ___ PC422 ___ PC242
_____ DOB 05-24-

O Stutt                    P.DEFENDERS                           92-157893
Deputy-District Attorney   Atty for Def (Appt/Ret/TAO)   Interpreter   Booking #
[ ] Dispo   [ ] Motion              [ ] Other                         CR133708

[ ] MOTION for _____ by DDA/Defendant with/without objection granted/denied
[ ] AMENDED COMPLAINT filed
    [ ] Defendant duly arraigned      Defendant Pleads:      Defendant:
        and receives copy of          [ ] Not Guilty         [ ] Admits _____ prior felony
        amended complaint             [ ] Other _____      [ ] Denies  convictions as alleged.
[X] DEFENDANT SWORN and examined                                      KENNETH E. MARTONE
[X] WAIVERS by defendant                                             Clerk of the Superior Court
    [X] Constitutional Rights        [X] Harvey/Arbuckle     [ ] Statutory Time
[ ] CHANGE OF PLEA form filed and incorporated herein        [ ] People vs West    AUG 31 1992
    [X] Guilty  [ ] Nolo Contendere   to charge(s) PC243(d)-CT1
    [ ] CHARGE(S) DECLARED MISDEMEANOR(S) per Section 17(b)5 of the Penal Code    By J.D. DAVIS, Dept
    [X] Court finds factual basis for plea
[X] CHARGES DISMISSED/ALLEGED PRIOR STRICKEN
    [X] On motion of People charge(s) _____   [ ] On motion of People alleged prior(s) is/are stricken
        PC148/Filing          is/are dismissed  [ ] On motion of People _____ allegation(s)
        in view of plea                                   is/are stricken
[ ] Defendant makes application for diversion per PC1000   [ ] $ _____ Administrative fees forthwith
[ ] DIVERSION granted, proceedings suspended for _____ months on defendant's motion per 1000 P.C.
    charge(s) _____                     [ ] Remaining charges held in abeyance.
[ ] IMMEDIATE SENTENCING   [ ] P.C. 1000 SET ASIDE: CRIMINAL PROCEEDINGS REINSTATED
[X] DEFENDANT ORDERED TO REPORT IMMEDIATELY to Probation Department, 232 W. Ash Street for:
    [X] Presentence Report   [ ] Supplemental Report   [ ] P.C. 1000   [ ] SB-38
[ ] DEFENDANT ORDERED TO WAIT IN THE COURTROOM to be interviewed by a Probation Resident Court Officer for:
    [ ] Presentence Report   [ ] Supplemental Report   [ ] Report for South Bay Dept A
[X] PROBATION HEARING/SENTENCING on 9-28-92 at _:30 a.m./p.m. in Dept. A Room ___
[ ] NOT NEGOTIABLE  Preliminary hearing date confirmed/set for _____ at _____ a.m./p.m. in
    Presiding Department (Est.) _____ in Judge Rodriguez Department
[ ] CONTINUANCE for _____ on _____ at _____ a.m./p.m. in Dept. _____ Room _____
[ ] Defendant ordered to report to Revenue and Recovery forthwith to determine ability to repay court appointed
    attorney costs to be determined, and to make payments as directed by the Department of Revenue and Recovery,
    Room M050, County Courthouse,                              to be heard with another
[X] CUSTODY STATUS of defendant                                        case
    [X] Remanded to custody of Sheriff        [ ] Released        [ ] Case dismissed on motion of
        [ ] Without bail                      [ ] Previous bail       Court/DDA/Defendant for
        [X] Bail $ 100,000                    [ ] Own recognizance
[ ] FAILED TO APPEAR                          [ ] ARREST/BENCH WARRANT
    [ ] Bail/bond forfeited                       [ ] Ordered; Bail $ _____
    [ ] Bondsman and surety/depositor             [ ] Issued on _____ by Presiding Judge
        notified of forfeiture on _____          [ ] Recalled   [ ] Rescinded
                                                   [ ] Served and returned
[X] Preliminary hearing date vacated               [ ] Cleared _____ per Marshal's record
[ ] Declaration of non-collusion filed  [ ] Bail forfeiture set aside  [ ] Bail reinstated/exonerated
[ ] Dispositional report/copy of docket forwarded to Probation Department
[ ] OTHER
          Arbuckle Waiver                     Certified to San Diego Superior
                                                          court

NOTE CAREFULLY:  O/R RELEASE TERMS, CONDITIONS AND CONSEQUENCES
I understand I have been released on my own recognizance without bail and I agree to appear at all the times and
places as ordered by the Court.  Further, I agree to comply with each and all terms and conditions of this release
without bail.  I understand and acknowledge that the Court may revoke this order of release and return me to
custody or require that I give bail or other assurance of my personal appearance in court. I further understand
that a willful failure to appear in a felony case is a separate felony offense punishable by a fine not to exceed
$5,000 or by imprisonment in the state prison, or in county jail for not more than one year, or by both such fine
and imprisonment.

_____        _____        _____
Defendant's Signature          Home Address                   City, State, Zip Code

_____        _____        _____
Driver's License No. & State   Social Security Number         Telephone Number

Dated: 8-24-92        CLERK, by _____ CB _____, Deputy Clerk

Minute Form - Type 71
EDP 279 (Rev. 9-90)                    FELONY DOCKET - MISCELLANEOUS

Ex. B(3)

CR  CR133708   DA  P1601901

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

DATE  9-21-12   AT  02:00   M.

PROB HEAR-SENTENCING

PRESENT HON  JESUS RODRIGUEZ   JUDGE PRESIDING DEPARTMENT  A

CLERK  C. Burgess   REPORTER  K. Morales

THE PEOPLE OF THE STATE OF CALIFORNIA
VS.

LANE   MICHAEL
DEFENDANT

P. Atull
DEPUTY DISTRICT ATTORNEY

Pub Def   D. Gerrard
ATTORNEY FOR DEFENDANT (APPOINTED/RETAINED)

VIOLATION OF  PC243(d)  CH.1

INTERPRETER _____ SWORN/CERT
LANGUAGE _____

DEFENDANT [✓] PRESENT  ☐ ARRAIGNED FOR JUDGMENT  ☑ WAIVES ARRAIGNMENT
DEFENDANT ADVISED OF RIGHTS AND (ADMITS/DENIES) A VIOLATION OF PROBATION _____  ☐ WAIVES HEARING
PROBATION IS  ☑ DENIED  ☐ REVOKED  ☐ REINSTATED  ☐ CONTINUED  ☐ MODIFIED  ☐ GRANTED _____ YEARS (FORMAL/SUMMARY)

**PROBATION**
☐ IMPOSITION OF SENTENCE IS SUSPENDED  ☐ DEFENDANT SENTENCED TO STATE PRISON, EXECUTION SUSPENDED (SEE BELOW FOR TERM)
CONDITIONS OF PROBATION INCLUDE, BUT ARE NOT LIMITED TO.  ☐ SHORT TERM WORK FURLOUGH _____
☐ COMMITMENT TO SHERIFF FOR _____ DAYS.  ☐ ADULT INST. RECOMMENDED  ☐ PAROLE NOT TO BE GRANTED _____
☐ FINE OF $_____ INCLUDING PENALTY ASSESSMENT AT $_____ PER MONTH, COMMENCING _____ THROUGH REVENUE AND RECOVERY
☐ RESTITUTION OF $_____ TO VICTIM/RESTITUTION FUND AT $_____ PER MONTH, COMMENCING _____ THROUGH REVENUE AND RECOVERY
☐ RESTITUTION/FINE OF $_____ PER GC 13967, STAYED PER PC 1202.4(b). FORTHWITH PER PC 2085.5
☐ PARTICIPATION IN COMMUNITY SERVICES PROGRAM IN LIEU OF RESTITUTION  ☐ REGISTRATION PER PC 290/H&S 11590
☐ FOURTH AMENDMENT WAIVER OF PERSON AUTO/RESIDENCE/PERSONAL EFFECTS.  ☐ GUN RESTRICTIONS
☐ FURTHER CONDITIONS SET FORTH IN PROBATION ORDER.

**COMMITMENT STATUS / CUSTODY STATUS**
☑ DEFENDANT IS COMMITTED TO DEPARTMENT OF CORRECTIONS FOR LOWER/MIDDLE/UPPER TERM OF  4  YEARS   COUNT  one
(SEE BELOW FOR ADDITIONAL COUNTS)   stipulated term
☐ DEFENDANT IS COMMITTED TO CALIFORNIA YOUTH AUTHORITY  ☐ PER W&I 707.2  ☐ PER W&I 1731
(SEE BELOW FOR FINDINGS)
☑ DEFENDANT IS ADVISED OF APPEAL RIGHTS.  ☐ DEFENDANT IS ADVISED REGARDING PAROLE

CREDIT FOR TIME SERVED
38 DAYS LOCAL
__ DAYS STATE INST.
18 DAYS PC 4019
56 TOTAL DAYS CREDIT

DEFENDANT REMAINS AT LIBERTY
☐ ON BOND POSTED $_____
☐ ON OWN RECOGNIZANCE
☐ ON PROBATION

DEFENDANT REMANDED TO CUSTODY
☑ WITHOUT BAIL
☐ WITH BAIL SET AT $_____

☐ DEFENDANT ORDERED RELEASED FROM CUSTODY

**FUTURES**
☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT
_____ CONTINUED TO/SET FOR _____ AT _____ M. IN DEPT. _____ ON MOTION OF
COURT/DA/DEFENDANT/PROBATION OFFICER. REASON. _____
☐ DEFENDANT REFERRED FOR DIAGNOSTIC EVALUATION PER PC 1203.03. FURTHER HEARING SET FOR _____ AT _____ M. IN DEPT

**BONDS**
☐ BENCH WARRANT TO ISSUE, BAIL SET AT $_____ SERVICE WITHHELD TO _____
☐ BENCH WARRANT ISSUED _____ IS RECALLED.
☐ BOND FORFEITED, BOND AGENT _____ BOND NO _____ BOND COMPANY _____ AGENT _____
☐ BOND IS EXONERATED

**MH**
☐ PROCEEDINGS SUSPENDED PER.  ☐ PC 1368, MENTAL COMPETENCY. (SEE BELOW FOR DATES OF EXAMINATION AND HEARING)
☐ W&I 3051 ADDICTION OR DANGER OF ADDICTION. (SEE BELOW FOR DATE OF SERVICE OF PETITION AND ORDER)

OTHER.  ☐ SUPPLEMENTAL REPORT ORDERED  ☐ REFERRED TO REVENUE AND RECOVERY  ☑ REPORT TO REGISTRAR OF VOTERS  ☐ DMV ABSTRACT
☐ UPON COMP. OF CUST. OR IF (RELEASED) TO I.C.N.S./UPON DEPORT/FORMAL PROB. REVERTS TO SUMMARY

Concurrent with SF71733. Court recommends deft participate
in Donovan's Right Turn Amity Program.

entered
9-23-12
KMP

Jesus Rodriguez
JUDGE OF THE SUPERIOR COURT

#209

EXHIBIT C

# 8

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | For Court Use Only |
|---|---|

PEOPLE vs **Michael Lane** _____ Defendant

## PLEA OF GUILTY/NO CONTEST - FELONY

DA Number **AAWC15**

I, the defendant in the above-entitled case, in support of my plea of Guilty/No Contest, personally declare as follows:

     Of those charges now filed against me in this case, I plead **Guilty** to the following offenses and admit the enhancements, allegations and prior convictions as follows:

| COUNT | CHARGE | ENHANCEMENT/ALLEGATION |
|---|---|---|
| 2 | HS 11351.5 | HS 11370.2 |
| | | |
| | | |

2. I have not been induced to enter this plea by any promise or representation of any kind, except: *(State any agreement with the District Attorney.)*

   Dismiss balance of complaint; 9 year stip. to prison

3. I am entering my plea freely and voluntarily, without fear or threat to me or anyone closely related to me.

4. I understand that a plea of No Contest is the same as a plea of Guilty for all purposes.

5. I am sober and my judgment is not impaired. I have not consumed any drug, alcohol or narcotic within the past 24 hours.

## CONSTITUTIONAL RIGHTS

6a. I understand that I have the right to be represented by a lawyer at all stages of the proceedings. I can hire my own lawyer or the Court will appoint a lawyer for me if I cannot afford one.

I understand that as to all charges, allegations and prior convictions filed against me I also have the following constitutional rights, which I now give up to enter my plea of guilty/no contest:

     6b. I have the right to a speedy and public trial by jury. I now give up this right.

     6c. I have the right to confront and cross-examine all the witnesses against me. I now give up this right.

     6d. I have the right to remain silent (unless I choose to testify on my own behalf). I now give up this right.

     6e. I have the right to present evidence in my behalf and to have the court subpoena my witnesses at no cost to me. I now give up this right.

Ex. C

PLEA OF GUILTY/NO CONTEST - FELONY

| Defendant | | | CASE NUMBER: |
|---|---|---|---|
| _michael Lane_ | 0027 | | _Scd 171751_ |

## CONSEQUENCES OF PLEA OF GUILTY OR NO CONTEST

7a. I understand that I may receive this maximum punishment as a result of my plea: ___13___ years in State Prison, $ _20,000_ fine and _4_ years parole (4, 7, 14, life) with return to prison for every parole violation. If I am not sentenced to prison I may receive probation for a period up to 5 years or the maximum prison term, whichever is greater. As conditions of probation I may be given up to a year in jail custody, plus the fine, and any other conditions deemed reasonable by the Court. I understand that if I violate any condition of probation I can be sent to State Prison for the maximum term as stated above.

7b. I understand that I must pay a restitution fine ($200 - $10,000), that I will also be subject to a suspended fine in the same amount, and that I must pay full restitution to all victims.

7c. I understand that my conviction in this case will be a serious/violent felony ("strike") resulting in mandatory denial of probation and substantially increased penalties in any future felony case.

7d. I understand that if I am not a U.S. citizen, this plea of Guilty/No Contest may result in my removal/deportation, exclusion from admission to the U.S. and denial of naturalization. Additionally, if this plea is to an "Aggravated Felony" listed on the back of this form, then I will be deported, excluded from admission to the U.S., and denied naturalization.

7e. I understand that my plea of Guilty or No Contest in this case could result in revocation of my probation or parole in other cases, and consecutive sentences.

7f. My attorney has explained to me that other possible consequences of this plea may be:
(Circle applicable consequences.)

(1) Consecutive sentences
(2) Loss of driving privileges
(3) Commitment to Youth Authority
(4) Registration as an arson / sex / narcotic / gang offender
(5) Cannot possess firearms or ammunition
(6) Blood test and saliva sample
(7) Priorable (increased punishment for future offenses)
(8) Prison prior
(9) Mandatory prison
(10) Presumptive prison
(11) Sexually Violent Predator Law
(12) Possible/Mandatory hormone suppression treatment
(13) Reduced conduct credits
  (a) Violent Felony (No credit or max. 15%)
  (b) Prior Strike(s) (No credit to max. 20%)
  (c) Murder on/after 6/3/98 (No credit)
(14) Loss of public assistance
(15) AIDS education program
(16) Other: _____
_____



## OTHER WAIVERS

8. (Appeal Rights) I give up my right to appeal the following: 1) denial of my 1538.5 motion, 2) issues related to strikes priors (under PC sections 667(b)-(i) and 1170.12), and 3) any sentence stipulated herein.

9. (Harvey Waiver) The sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence.

10. (Arbuckle Waiver) I give up my right to be sentenced by the judge who accepts this plea.

11. (Probation Report) I give up my right to a full probation report before sentencing.





PLEA OF GUILTY/NO CONTEST - FELONY

| Defendant | | CASE NUMBER: |
|---|---|---|
| *Michael Lane* | | *SCD171791* |

**PLEA**

12. I now plead Guilty/No Contest and admit the charges, convictions and allegations described in paragraph #1, above. I admit that on the dates charged, I: *(Describe facts as to each charge and allegation)*

*possessed a useable amount of cocaine for sale*

13. I declare under penalty of perjury that I have read, understood, and initialed each item above and any attached addendum, and everything on the form and any attached addendum is true and correct.

Dated: 4-9-03          Defendant's Signature X *Michael Anthony ___*

Defendant's Address: _____

_____
Street

Telephone Number: (___) _____
            City          State       Zip

Defendant's Right Thumb Print

**ATTORNEY'S STATEMENT**

I, the attorney for the defendant in the above-entitled case, personally read and explained to the defendant the entire contents of this plea form and any addendum thereto. I discussed all charges and possible defenses with the defendant, and the consequences of this plea, including any immigration consequences. I personally observed the defendant fill in and initial each item, or read and initial each item to acknowledge his/her understanding and waivers. I observed the defendant date and sign this form and any addendum. I concur in the defendant's plea and waiver of constitutional rights.

Dated: 4-9-03          *Jean Brandl*
                (Print Name)

                Attorney for Defendant                (Signature)
                (Circle one:  PD / APD / PCC / RETAINED)

**INTERPRETER'S STATEMENT (If Applicable)**

I, the sworn _____ language interpreter in this proceeding, truly translated for the defendant the entire contents of this form and any attached addendum. The defendant indicated understanding of the contents of this form and any addendum and then initialed and signed the form and any addendum.

Dated: _____

_____          _____
(Print Name)          Court Interpreter          (Signature)

**PROSECUTOR'S STATEMENT**

The People of the State of California, plaintiff, by its attorney, the District Attorney for the County of San Diego, concurs with the defendant's plea of Guilty/No Contest as set forth above.

Dated: 4/9/03

_____          _____
(Print Name)          Deputy District Attorney          (Signature)

**COURT'S FINDING AND ORDER**

The Court, having questioned the defendant and defendant's attorney concerning the defendant's plea of Guilty/No Contest and admissions of the prior convictions and allegations, if any, finds that: The defendant understands and voluntarily and intelligently waives his/her constitutional rights; the defendant's plea and admissions are freely and voluntarily made; the defendant understands the nature of the charges and the consequences of the plea and admissions; and there is a factual basis for same. The Court accepts the defendant's plea and admissions, and the defendant is convicted thereby.

Dated: 4/9/03

_____          _____
                Judge of the Superior Court

SDSC CR-12(Rev 12-00)          PLEA OF GUILTY/NO CONTEST - FELONY

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM
*[Not to be used for multiple count convictions or for 1/3 consecutive sentences.]*

CR-290.1

☒ SUPERIOR    COURT OF CALIFORNIA, COUNTY OF <u>SAN DIEGO</u>
☐ MUNICIPAL   BRANCH OR JUDICIAL DISTRICT    SAN DIEGO

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: LANE, MICHAEL ANTHONY          DOB: 05-24-57
AKA: LANE, MIKE TONY
CII #: 06944605
BOOKING #: 02152919A

CASE NUMBER: SCD175751

F I L E D
Clerk of the Superior Court
JUL 1 8 2003
By: T. Marshall, Deputy

☐ NOT PRESENT

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT          ☐ AMENDED ABSTRACT

| DATE OF HEARING | DEPT. NO. | JUDGE |
|---|---|---|
| 07-17-03 | 31 | WILLIAM D. MUDD |

| CLERK | REPORTER | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|
| P. SIRNA | R. STARK | A000621803 |

| COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | |
|---|---|---|
| KEITH LOLLIS | W. APGAR | ☒ APPTD. |

1. Defendant was convicted of the commission of the following felony:

| CNT. | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO/DATE/YEAR) | CONVICTED BY | | | TERM (L,M,U) | TIME IMPOSED | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | JURY | COURT | PLEA | | YRS. | MOS. |
| 2 | HS | 11351.5 | POSSESSION/PURCHASE OF COCAINE BASE FOR SALE | 2002 | 04-09-03 | | X | | L | 6 | |

ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| CNT. | SECTION NUMBER | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| 2 | HS11370.2(a) | 3 | | | | | | | |

ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

☒ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

5. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
   a. RESTITUTION FINE of: $<u>200</u> per PC 1202.4(b) forthwith per PC 2085.5.
   b. RESTITUTION FINE of: $<u>200</u> per PC 1202.45 suspended unless parole is revoked.
   c. RESTITUTION of: $_____ per PC 1202.4(f) to ☐ victim(s)* ☐ Restitution Fund
      (*List victim name(s) if known and amount breakdown in item 7, below.)
      (1) ☐ Amount to be determined.   (2) ☐ Interest rate of: ___% (not to exceed 10% per PC 1202.4(f)(3)(F)).
   d. ☐ LAB FEE of: $_____ for counts: _____ per H&SC 11372.5(a).
   e. ☐ DRUG PROGRAM FEE of $150 per H&SC 11372.7(a).
   TESTING: ☐ AIDS ☐ DNA   pursuant to ☐ PC 1202.1 ☐ PC 290.2   f. ☐ FINE of $_____ per PC 1202.5.
   Other orders (specify):

TOTAL TIME IMPOSED:

☒ This sentence is to run concurrent with (specify): PAROLE VIOLATION          | 9 |

9. Execution of sentence imposed
   a. ☒ at initial sentencing hearing.
   b. ☐ at resentencing per decision on appeal.
   c. ☐ after revocation of probation.
   d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
   e. ☐ other (specify):

| DATE SENTENCE PRONOUNCED | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS: | INCLUDING: | ACTUAL LOCAL TIME 216 | LOCAL CONDUCT CREDITS 108 | ☒ 4019 | SERVED TIME IN STATE INSTITUTION | |
|---|---|---|---|---|---|---|---|---|
| 07-17-03 | | 324 | | | | ☐ 2933.1 | ☐ DMH  ☐ CDC  ☐ CRC | |

The defendant is remanded to the custody of the sheriff ☒ forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to ☒ the reception center designated by the director of the California Department of Corrections.
☐ other (specify):

CLERK OF THE COURT: I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE
Judy S. Marshall  *Judy S. Marshall*          DATE  07-18-03

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Ex. C(1)

Form Adopted by the
Judicial Council of California
290.1 (Rev. January 1, 1999)

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM

Penal Code
§§ 1170,
1213, 1213.5

EXHIBIT D

COURT OF APPEAL - STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | : | |
| | : | |
| PLAINTIFF AND RESPONDENT, | : | C.A. NO. D042554 |
| | : | |
| VS. | : | |
| | : | S.C. NO. SCD171751 |
| MICHAEL ANTHONY LANE, | : | |
| | : | |
| DEFENDANT AND APPELLANT. | : | |

FROM SAN DIEGO COUNTY

HON. WILLIAM D. MUDD, JUDGE

APRIL 9, 2003
JULY 10, 17, 2003

VOLUME 2 OF 2

PAGES 49 THROUGH 67

APPEARANCES:

    FOR THE PLAINTIFF          BILL LOCKYER, ESQ.
    AND RESPONDENT:            ATTORNEY GENERAL
                              STATE OF CALIFORNIA
                              110 WEST A STREET, #700
                              SAN DIEGO, CALIFORNIA 92101


    FOR THE DEFENDANT          IN PROPRIA PERSONA
    AND APPELLANT:




                              ROBERT F. STARK, CSR #5104
                              OFFICIAL COURT REPORTER
                              SAN DIEGO, CALIFORNIA 92101

49

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

DEPARTMENT NO. 31                    HON. WILLIAM D. MUDD, JUDGE

---

|  |  |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | : <br> : <br> : |
| PLAINTIFF, | : <br> : |
| VS. | :   CASE NO. SCD171751 |
| MICHAEL ANTHONY LANE, | : <br> : |
| DEFENDANT. | : |

---

REPORTER'S TRANSCRIPT

APRIL 9, 2003

APPEARANCES:

FOR THE PLAINTIFF:        BONNIE M. DUMANIS, ESQ.
                          DISTRICT ATTORNEY
                          BY: GREGORY WALDEN, ESQ.
                          DEPUTY DISTRICT ATTORNEY
                          330 WEST BROADWAY
                          SAN DIEGO, CALIFORNIA 92101


FOR THE DEFENDANT:        TIMOTHY A. CHANDLER, ESQ.
                          ALTERNATE PUBLIC DEFENDER
                          BY: JEAN BRANDL, ESQ.
                          DEPUTY ALTERNATE PUBLIC DEFENDER
                          110 WEST C STREET, SUITE 1100
                          SAN DIEGO, CALIFORNIA 92101



                          ROBERT F. STARK, CSR #5104
                          OFFICIAL COURT REPORTER
                          SAN DIEGO, CALIFORNIA 92101

1      SAN DIEGO, CALIFORNIA, WEDNESDAY, APRIL 9, 2003, 10:12 A.M.

2                              --O0O--

3      THE CLERK:  ITEM 8.  MICHAEL LANE.

4      THE COURT:  ALL RIGHT.

5           MR. LANE, IF YOU WOULD KINDLY RAISE YOUR RIGHT HAND, MY

6      CLERK'S GOING TO SWEAR YOU IN.

7                (THE DEFENDANT WAS DULY SWORN.)

8      BY THE COURT:

9      Q    PLEASE TELL ME YOUR FULL, CORRECT, LEGAL NAME AND YOUR

10     DATE OF BIRTH.

11     A    MICHAEL ANTHONY LANE.  MAY 24, '57.

12     Q    SIR, ARE YOU CURRENTLY TAKING ANY MEDICINES OR

13     MEDICATIONS WHILE IN CUSTODY?

14     A    JUST HIGH BLOOD PRESSURE.

15     Q    ALL RIGHT.

16          IS THAT AFFECTING YOUR ABILITY, HOWEVER, TO SEE, HEAR,

17     AND UNDERSTAND WHAT'S GOING ON?

18     A    NO.

19     Q    ALL RIGHT.

20          DO YOU READ AND UNDERSTAND ENGLISH?

21     A    YES.

22     Q    SHOWING YOU THIS CHANGE-OF-PLEA FORM.  ARE THOSE YOUR

23     INITIALS IN EACH OF THE BOXES AND YOUR SIGNATURE ON THAT LAST

24     PAGE?

25     A    YES.

26     Q    DOES THAT MEAN, THEN, THAT YOU'VE READ AND THOROUGHLY

27     DISCUSSED WITH MISS BRANDL NOT ONLY THE PLEA AGREEMENT IN YOUR

28     CASE BUT ALSO ALL THE RIGHTS THAT YOU'RE GIVING UP?

1        A    YES.

2        Q    DO YOU UNDERSTAND THOSE RIGHTS?

3        A    YES.

4        Q    DO YOU HAVE ANY QUESTIONS REGARDING ANY OF THEM?

5        A    NO.

6        Q    DO YOU, THEN, AT THIS TIME GIVE UP ALL OF YOUR

7   CONSTITUTIONAL TRIAL RIGHTS, INCLUDING YOUR RIGHT TO REMAIN

8   SILENT, YOUR RIGHT TO CONFRONT THE WITNESSES AGAINST YOU, AND

9   YOUR RIGHT TO A JURY TRIAL?

10       A    YES.

11       Q    ALL RIGHT.

12            WHAT'S HAPPENING IN YOUR CASE, SIR, IS YOU'RE PLEADING

13   GUILTY TO COUNT TWO, WHICH IS POSSESSION FOR SALE OF COCAINE

14   BASE.  YOU'RE ADMITTING THAT YOU SUFFERED A PRIOR CONVICTION FOR

15   THE SAME OFFENSE.

16            IN ADDITION TO THAT, YOU'RE ADMITTING A STRIKE PRIOR

17   FROM 1992.

18            IF YOU DO THAT, THE DISTRICT ATTORNEY'S OFFICE AGREES

19   TO DISMISS THE BALANCE.

20            AND ALL PARTIES STIPULATE THAT AT THE TIME OF

21   SENTENCING YOU'LL BE SENTENCED TO NINE YEARS IN STATE PRISON.

22            OTHER THAN WHAT I JUST TOLD YOU, HAS ANY OTHER THREAT

23   OR PROMISE BEEN MADE TO GET YOU TO ENTER INTO THIS AGREEMENT?

24       A    NO.

25       Q    DO YOU UNDERSTAND THAT ON THE DATE OF SENTENCING YOU

26   WILL BE SENTENCED TO STATE PRISON, IT WILL BE FOR THE TERM OF

27   NINE YEARS, LESS ANY CREDITS YOU'VE ACCRUED, AND THAT YOU'LL HAVE

28   TO SERVE EIGHTY PER CENT OF THAT SENTENCE BEFORE YOU'LL BE

1   ELIGIBLE FOR PAROLE.  DO YOU UNDERSTAND THAT?

2       A    YES.

3       Q    IN ADDITION TO THAT, YOU'RE SUBJECT TO A MAXIMUM FINE

4   OF UP TO TWENTY THOUSAND DOLLARS AND UP TO FOUR YEARS ON PAROLE.

5   DO YOU UNDERSTAND THAT?

6       A    YES.

7       Q    YOU'RE PICKING UP ANOTHER DRUG PRIOR, AND WHAT THAT

8   MEANS TO YOU IS IF YOU STAY IN THE DOPE BUSINESS, YOU'LL NOW HAVE

9   TWO PRIORS, SO THAT COULD ADD SIX YEARS ON TOP OF ANY NEW CASE

10  YOU MIGHT PICK UP.  DO YOU UNDERSTAND THAT?

11      A    YES.

12      Q    IN ADDITION TO THAT, YOU'LL NOT BE PERMITTED TO OWN OR

13  POSSESS OR HAVE UNDER YOUR DOMINION AND CONTROL A FIREARM,

14  AMMUNITION, OR ANY DANGEROUS OR DEADLY WEAPON.  YOU'LL BE

15  REQUIRED TO REGISTER AS A NARCOTICS OFFENDER.  YOU MAY BE

16  REQUIRED TO GIVE A BLOOD OR A SALIVA SAMPLE.  AND, FINALLY, YOU

17  MAY BE REQUIRED TO TAKE AN AIDS EDUCATION/AWARENESS PROGRAM.  DO

18  YOU UNDERSTAND THAT?

19      A    YES.

20      Q    FINALLY, YOU'RE PICKING UP ANOTHER PRISON PRIOR.  WHAT

21  THAT MEANS TO YOU IS YOU'LL HAVE FOUR WHEN YOU GET OUT THIS TIME,

22  AND THAT COULD ADD FOUR YEARS ON TOP OF ANY NEW CASE YOU MIGHT

23  HAVE.  DO YOU UNDERSTAND THAT?

24      A    YES.

25      Q    ALL RIGHT.

26           SIR, IS IT TRUE THAT ON DECEMBER 13TH OF LAST YEAR YOU

27  HAD IN YOUR POSSESSION FOR PURPOSES OF SALE SOME COCAINE BASE?

28  IS THAT ALL TRUE?

1        A    YES.

2        THE COURT:  PEOPLE SATISFIED WITH THE STATEMENT OF FACTS?

3        MR. WALDEN:  YES.

4        THE COURT:  ALL RIGHT.

5    BY THE COURT:

6        Q    OKAY, SIR.  I'M ABOUT TO ASK YOU HOW YOU PLEAD.  BEFORE

7    I DO THAT, IS THERE ANYTHING ELSE YOU WANT TO TALK TO MISS BRANDL

8    ABOUT?

9        A    NO.

10       Q    ANYTHING YOU WANT TO ASK ME?

11       A    NO.

12       Q    ALL RIGHT.

13       HOW DO YOU NOW, THEN, PLEAD TO THE CHARGE THAT ON OR

14   ABOUT DECEMBER 13TH OF 2002 YOU DID UNLAWFULLY POSSESS FOR SALE

15   COCAINE BASE, GUILTY OR NOT GUILTY?

16       A    GUILTY.

17       Q    AND DO YOU ADMIT, SIR, THAT ON OR ABOUT AUGUST 21ST OF

18   1992, IN THE COUNTY OF SAN DIEGO, YOU WERE CONVICTED OF THE

19   FELONY OFFENSE OF POSSESSION FOR SALE OF COCAINE BASE, YES OR NO?

20       A    YES.

21       Q    AND DO YOU ADMIT FURTHER THAT ON OR ABOUT AUGUST 24TH

22   OF 1992, IN THIS COUNTY, YOU WERE CONVICTED OF THE FELONY STRIKE

23   OFFENSE OF BATTERY INFLICTING GREAT BODILY INJURY, YES OR NO?

24       A    YES.

25       THE COURT:  COUNSEL, DO YOU JOIN WITH YOUR CLIENT IN THE

26   WAIVER OF CONSTITUTIONAL RIGHTS AND THE ENTRY OF THE PLEA AND

27   ADMISSIONS?

28       MS. BRANDL:  YES, YOUR HONOR.

**Ex. D**

1       THE COURT:  MAKE A FINDING OF A KNOWING AND INTELLIGENT

2   WAIVER OF CONSTITUTIONAL TRIAL RIGHTS; THE PLEA AND ADMISSIONS

3   ARE FREE AND VOLUNTARY; THERE'S A FACTUAL BASIS FOR SAME.

4       PEOPLE'S MOTION AS TO THE BALANCE.

5   MR. WALDEN:  DISMISS.

6       THE COURT:  THAT WILL BE GRANTED.

7   BY THE COURT:

8       Q   SIR, YOU HAVE A RIGHT TO BE SENTENCED TWENTY COURT DAYS

9   FROM TODAY'S DATE.  THE DATE MISS BRANDL IS GOING TO SELECT GOES

10  BEYOND TWENTY DAYS.  IS THAT OKAY WITH YOU?

11      A   YES.

12      THE COURT:  ALL RIGHT.

13      WHAT DID YOU HAVE IN MIND, MISS BRANDL?

14  MS. BRANDL:  THE FIRST WEEK IN JUNE OR SECOND WEEK IN JUNE.

15      THE COURT:  THE FIRST WEEK IS PRETTY WIDE OPEN.  ANY DAY

16  THAT IS CLEAR ON YOUR CALENDAR.

17  MS. BRANDL:  HOW ABOUT THE 4TH.

18      THE COURT:  ALL RIGHT.

19      SENTENCING WILL GO OVER TO WEDNESDAY, THAT'S JUNE 4TH.

20  THAT WILL BE AT 1:30 P.M.

21      AND I'LL ORDER PROBATION TO DO A STIPULATED PROBATION

22  REPORT.

23      ALL RIGHT.  THANK YOU VERY MUCH, SIR.

24      (RECESS, 10:17 O'CLOCK, A.M., TO 1:30 O'CLOCK, P.M.,

25  WEDNESDAY, JUNE 4, 2003.)

26              --oOo--

27

28

55

STATE OF CALIFORNIA          )
                             :      SS:
COUNTY OF SAN DIEGO          )


        I, ROBERT F. STARK, CSR, CERTIFICATE NUMBER 5104, AN

OFFICIAL REPORTER OF THE SUPERIOR COURT OF THE STATE OF

CALIFORNIA, IN AND FOR THE COUNTY OF SAN DIEGO, HEREBY CERTIFY

THAT I REPORTED IN MACHINE SHORTHAND THE PROCEEDINGS IN THE

WITHIN CASE, AND THAT THE FOREGOING TRANSCRIPT, CONSISTING OF

PAGES NUMBERED FROM 49 TO 54, INCLUSIVE, IS A FULL, TRUE,

AND CORRECT TRANSCRIPTION OF THE PROCEEDINGS IN THIS CASE.

        DATED AT SAN DIEGO, CALIFORNIA, THIS 22ND DAY OF

JULY, 2003.


                              _____
                                   ROBERT F. STARK
                                OFFICIAL COURT REPORTER

56

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

DEPARTMENT NO. 31                HON. WILLIAM D. MUDD, JUDGE

---

|  |  |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | : |
| PLAINTIFF, | : |
| VS. | : CASE NO. SCD171751 |
| MICHAEL ANTHONY LANE, | : |
| DEFENDANT. | : |

---

REPORTER'S TRANSCRIPT

JULY 10, 2003

APPEARANCES:

FOR THE PLAINTIFF:     BONNIE M. DUMANIS, ESQ.
                       DISTRICT ATTORNEY
                       BY: LISA RODRIGUEZ, ESQ.
                       DEPUTY DISTRICT ATTORNEY
                       330 WEST BROADWAY
                       SAN DIEGO, CALIFORNIA 92101


FOR THE DEFENDANT:     WILLIAM M. APGAR, ESQ.
                       185 WEST F STREET, SUITE 100
                       SAN DIEGO, CALIFORNIA 92101




                       ROBERT F. STARK, CSR #5104
                       OFFICIAL COURT REPORTER
                       SAN DIEGO, CALIFORNIA 92101

1          SAN DIEGO, CALIFORNIA, THURSDAY, JULY 10, 2003, 2:11 P.M.

2                              --OOO--

3          THE BAILIFF:  NEXT ITEM, NUMBER 56, LANE.

4          MR. APGAR:  WILLIAM APGAR, YOUR HONOR, ON BEHALF OF MICHAEL

5     ANTHONY LANE, WHO IS PRESENT IN COURT.

6              THIS IS A MOTION TO WITHDRAW A PLEA.

7          THE COURT:  IN THIS MATTER I'VE RECEIVED, READ, AND

8     CONSIDERED THE NOTICE OF MOTION AND MOTION TO WITHDRAW THE GUILTY

9     PLEA, HAVING ATTACHED TO IT POINTS AND AUTHORITIES.

10             UNDER SEPARATE FILING MISS RODRIGUEZ HAS FILED POINTS

11    AND AUTHORITIES IN OPPOSITION TO THE MOTION, HAVING ATTACHED TO

12    IT MULTIPLE TRANSCRIPTS.

13             IN ADDITION TO THAT, THE COURT HAS REVIEWED THE CHANGE-

14    OF-PLEA TRANSCRIPT IN THIS MATTER OF THE PROCEEDINGS HELD ON

15    APRIL 9TH OF 2003.

16             SUBMIT YOUR OPENING ARGUMENT BASED ON YOUR PLEADINGS,

17    MR. APGAR?

18         MR. APGAR:  YES, YOUR HONOR.

19             AND ALSO --

20         THE COURT:  AND RESERVE RIGHT TO RESPOND?

21         MR. APGAR:  YES, YOUR HONOR, THAT'S FINE.

22             I JUST GOT SOMETHING FROM MY CLIENT.  COULD I ASK HIM

23    JUST BASICALLY WHAT'S IN HERE?

24             (DISCUSSION OFF THE RECORD BETWEEN MR. APGAR

25             AND THE DEFENDANT.)

26         MR. APGAR:  I HAVEN'T HAD A CHANCE TO READ IT.  AND THE

27    COURT WOULD WANT ME TO READ IT BEFORE I GAVE IT TO THE COURT.  I

28    DON'T KNOW IF THERE'S ANOTHER MATTER THAT COULD BE CALLED SO I

1    COULD READ THIS.

2           THE COURT:  WELL, --

3           MR. APGAR:  OR -- IT'S UP TO THE COURT.

4           THE COURT:  IS THE OTHER MATTER READY?

5               (DISCUSSION OFF THE RECORD BETWEEN THE COURT

6        AND THE BAILIFF.)

7           THE COURT:  I WILL TAKE JUST A COUPLE MINUTES, MR. APGAR.

8    IT DOESN'T LOOK PARTICULARLY LONG.  BUT WE ALSO HAVE MISS BRANDL

9    HERE IN THE EVENT SHE'S NEEDED.  AND I DON'T WANT TO KEEP HER

10   AROUND IF WE ARE NOT GOING TO NEED HER.

11          SO WE WILL TAKE A SHORT RECESS WHILE YOU READ THAT.

12          (RECESS, 2:13 O'CLOCK, P.M., TO 2:18 O'CLOCK, P.M.)

13          THE BAILIFF:  CALL AGAIN 56.

14          MR. APGAR:  WILLIAM APGAR FOR MR. LANE, YOUR HONOR.

15          I'M READY.  THANK YOU FOR THE TIME TO READ IT.

16          IT REALLY HAS TO DO WITH SENTENCE; IT DOESN'T HAVE TO

17   DO WITH THIS MOTION.

18          THE COURT:  ALL RIGHT.

19          ANY COMMENTS, MISS RODRIGUEZ?

20          MS. RODRIGUEZ:  NO, YOUR HONOR.  PEOPLE SUBMIT UNLESS THE

21   COURT WOULD LIKE TO HEAR FROM MISS BRANDL.

22          THE COURT:  NO.

23          BUT DO YOU CARE TO MAKE ANY RECORD OTHER THAN THE

24   PLEADINGS?

25          MR. APGAR:  ACCORDING TO THE PEOPLE, YOUR HONOR, THIS CASE

26   IS SIMPLE, AND THEY ALSO WANT TO SAY THAT IT WOULD BE THE

27   STANDARD REMORSE AND THAT HE CHANGED HIS MIND AND, THEREFORE,

28   WANTED TO WITHDRAW HIS PLEA.

1    I THINK THAT THE ISSUE OF THE CASE IS WHETHER OR NOT

2  OFFICER LARA, IF HE WOULD HAVE TESTIFIED AT THE 1538.5 MOTION,

3  WHETHER OR NOT THE RULING OF THE JUDGE WOULD HAVE BEEN DIFFERENT.

4  AND THE ARGUMENT OF THE PEOPLE WOULD BE THAT THERE WAS PROBABLE

5  CAUSE BECAUSE OF A SUSPENDED LICENSE OR HE RAN A STOP SIGN OR THE

6  PLAIN VIEW OF THE DRUGS.  HOWEVER, THERE WAS -- OH, WELL, THE

7  CASE I DIDN'T CITE, ALTHOUGH MR. LANE BROUGHT IT TO MY ATTENTION,

8  PEOPLE VERSUS ARMSTRONG, IT WAS ANALOGOUS CASE, WHERE THERE WAS A

9  SIMILAR FACTUAL SITUATION.  AND THE COURT RULED THE FACT OF THE

10  SUSPENDED LICENSE AND THE RUNNING THE STOP SIGN REALLY DIDN'T

11  HAVE ANYTHING TO DO WITH IT BECAUSE THAT ISN'T WHAT THE JUDGE --

12    THE COURT:  MR. APGAR, LET ME CUT YOU OFF.

13    MR. APGAR:  ALL RIGHT.  FINE.

14    THE COURT:  THE NINE-NINE-FIVE IS WATER UNDER THE BRIDGE.

15  WHEN IT CAME TO THIS --

16    MR. APGAR:  1538.5.

17    THE COURT:  -- DEPARTMENT, IT HAD BEEN DENIED.  THE MOTION

18  HAD PROPERLY BEEN BROUGHT.  IT WAS PROPERLY ARGUED.  A JUDGE

19  HEARD IT.  THAT JUDGE DENIED IT.

20    MR. APGAR:  RIGHT.

21    THE COURT:  THAT'S THE STATE OF AFFAIRS THAT CONFRONTS MISS

22  BRANDL WHEN SHE AND HER CLIENT COME IN HERE.  IT'S AN APPELLATE

23  ISSUE.  IT IS NOT WHETHER OR NOT HE SHOULD BE PERMITTED TO

24  WITHDRAW HIS PLEA.

25    THE ONLY QUESTION IN FRONT OF ME IS WHETHER OR NOT HE

26  DID NOT MAKE A KNOWING AND INTELLIGENT WAIVER OF HIS RIGHTS TO

27  TRIAL IN ORDER TO GET THE BENEFIT OF THIS PLEA BARGAIN.  THE FACT

28  THAT HE DIDN'T LIKE THE RULING ON THE 1538.5 OR THAT SOMEBODY, HE

1    OR YOU OR ANYBODY ELSE, THINKS THE JUDGE SCREWED UP WHEN THEY

2    MADE THE MOTION IS ALL WELL AND GOOD. BUT THAT HAS NOTHING TO DO

3    WITH WHAT I'VE GOT TO DECIDE TODAY.

4            NOW, WHAT I CAN DO IS I CAN SIGN A STATEMENT ALLOWING

5    HIM TO APPEAL THAT ISSUE.  AND I'M PERFECTLY WILLING TO DO THAT.

6    BUT HE WENT IN WITH HIS EYES WIDE OPEN.  THE CHANGE-OF-PLEA

7    TRANSCRIPT MAKES IT CLEAR THAT HE WAS OFFERED THE MINIMUM HE

8    COULD GET ON THIS CASE.  AND, FRANKLY, HE WAS LOOKING AT FOURTEEN

9    YEARS IN STATE PRISON.

10        MR. APGAR:  ACTUALLY SIXTEEN.

11        THE COURT:  ALL RIGHT.  SIXTEEN.

12            SO THE BOTTOM LINE IS HE GOT A HECK OF A DEAL, AND

13   THERE'S NO BASIS TO WITHDRAW HIS PLEA.  AND I'LL SIGN THE

14   STATEMENT OF PROBABLE CAUSE SINCE IT'S A CHANGE OF PLEA, ALLOWING

15   HIM TO RUN THE 1538.5 UP THE FLAGPOLE AND SEE WHAT THE

16   MOUNTAINTOP HAS TO SAY ABOUT IT.  BUT THAT IS NOTHING THAT MISS

17   BRANDL HAS ANY CONTROL OVER.  AND SO THAT'S WHERE IT'S AT.

18            IT'S UNFORTUNATE, BUT WE'RE NOT GOING TO LITIGATE

19   WHETHER THE COP SHOULD HAVE TESTIFIED, DIDN'T TESTIFY.

20            WAS IT JUDGE SHORE, MISS BRANDL?  OR DO YOU REMEMBER?

21        MS. BRANDL:  I THINK IT WAS KANESHIRO, YOUR HONOR.

22        THE COURT:  JUDGE KANESHIRO MADE A MISTAKE OR NOT.  WE ARE

23   NOT GOING TO ARGUE ABOUT THAT BECAUSE HE CHANGED HIS PLEA AFTER

24   ALL OF THAT STUFF WAS KNOWN.

25            SO THE MOTION IS DENIED.

26            NOW, DO YOU WANT TO PROCEED TO SENTENCING TODAY?

27            AND, MISS BRANDL, THANK YOU FOR COMING IN.  YOU ARE

28   FREE TO LEAVE.

1      MS. BRANDL:  THANK YOU, YOUR HONOR.

2      THE COURT:  DO YOU WANT TO GO TO SENTENCING TODAY OR DO YOU

3  WANT TO --

4          (DISCUSSION OFF THE RECORD BETWEEN MR. APGAR

5      AND THE DEFENDANT.)

6      MR. APGAR:  HE WOULD LIKE A LITTLE TIME,  YOUR HONOR.

7      THE COURT:  ALL RIGHT.  THAT'S FAIR ENOUGH.  I WILL HAVE

8  TIME TO READ THE LETTER.

9          SIR, YOU'VE GOT A RIGHT TO BE SENTENCED TODAY.  DO YOU

10  GIVE UP THAT RIGHT SO WE CAN PUT YOUR SENTENCING OVER TO A NEW

11  AND A DIFFERENT DATE?

12      THE DEFENDANT:  YES, SIR.

13      THE COURT:  ALL RIGHT.

14          MR. APGAR, HOW MUCH TIME WOULD YOU LIKE?

15      MR. APGAR:  HOW MUCH TIME DO YOU WANT?  A WEEK?

16      THE DEFENDANT:  YES.

17      MR. APGAR:  A WEEK WILL BE FINE.

18      THE COURT:  ABOUT A WEEK.  YES.  THE 17TH IS NOT A BAD DAY.

19          SENTENCING WILL GO OVER TO THURSDAY, JULY 17TH.  THAT

20  WILL BE AT 1:30.

21          PROBATION NEED ONLY HAVE A CUSTODY UPDATE.

22      MR. APGAR:  WILL I BE HANDLING THE SENTENCING, YOUR HONOR?

23      THE COURT:  YES.  YOU'RE APPOINTED FOR ALL PURPOSES FROM NOW

24  ON, MR. APGAR.

25      MR. APGAR:  ALL RIGHT.

26          (RECESS, 2:20 O'CLOCK, P.M., TO 1:30 O'CLOCK, P.M.,

27      THURSDAY, JULY 17, 2003.)

28                          --O0O--

62

```
STATE OF CALIFORNIA          )
                             :      SS:
COUNTY OF SAN DIEGO          )
```

        I, ROBERT F. STARK, CSR, CERTIFICATE NUMBER 5104, AN

OFFICIAL REPORTER OF THE SUPERIOR COURT OF THE STATE OF

CALIFORNIA, IN AND FOR THE COUNTY OF SAN DIEGO, HEREBY CERTIFY

THAT I REPORTED IN MACHINE SHORTHAND THE PROCEEDINGS IN THE

WITHIN CASE, AND THAT THE FOREGOING TRANSCRIPT, CONSISTING OF

PAGES NUMBERED FROM 56 TO 61, INCLUSIVE, IS A FULL, TRUE,

AND CORRECT TRANSCRIPTION OF THE PROCEEDINGS IN THIS CASE.

        DATED AT SAN DIEGO, CALIFORNIA, THIS 22ND DAY OF

JULY, 2003.


                                    ROBERT F. STARK
                              OFFICIAL COURT REPORTER

63

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

DEPARTMENT NO. 31                    HON. WILLIAM D. MUDD, JUDGE

---

THE PEOPLE OF THE STATE OF
CALIFORNIA,

                PLAINTIFF,

    VS.                                              CASE NO. SCD171751

MICHAEL ANTHONY LANE,

                DEFENDANT.

---

REPORTER'S TRANSCRIPT

JULY 17, 2003

APPEARANCES:

        FOR THE PLAINTIFF:      BONNIE M. DUMANIS, ESQ.
                              DISTRICT ATTORNEY
                              BY: KEITH LOLLIS, ESQ.
                              DEPUTY DISTRICT ATTORNEY
                              330 WEST BROADWAY
                              SAN DIEGO, CALIFORNIA 92101


        FOR THE DEFENDANT:      WILLIAM M. APGAR, ESQ.
                              185 WEST F STREET, SUITE 100
                              SAN DIEGO, CALIFORNIA 92101




                              ROBERT F. STARK, CSR #5104
                              OFFICIAL COURT REPORTER
                              SAN DIEGO, CALIFORNIA 92101

1           SAN DIEGO, CALIFORNIA, THURSDAY, JULY 17, 2003, 1:35 P.M.

2                              --OOO--

3           THE BAILIFF:  YOUR HONOR, FIRST ITEM READY ON CALENDAR IS

4    NUMBER 53.  LANE.

5           MR. LOLLIS:  GOOD AFTERNOON, YOUR HONOR.  KEITH LOLLIS,

6    DEPUTY DISTRICT ATTORNEY, APPEARING ON BEHALF OF THE PEOPLE.

7           MR. APGAR:  GOOD AFTERNOON, YOUR HONOR.  WILLIAM APGAR

8    APPEARING ON BEHALF OF MR. LANE.

9           THE COURT:  OKAY.

10          ANY LEGAL CAUSE WHY SENTENCE SHOULD NOT NOW BE IMPOSED?

11          MR. APGAR:  THERE'S NO LEGAL CAUSE, YOUR HONOR.  AND WAIVE

12   ARRAIGNMENT FOR SENTENCE.

13          THE COURT:  ALL RIGHT.

14          MR. APGAR:  AND JUST A COUPLE OF THINGS.  I REALIZE IT'S A

15   STIPULATED NINE-YEAR SENTENCE.

16          (LETTER HANDED TO THE COURT BY MR. APGAR.)

17          THE COURT:  ALL RIGHT.

18          MR. APGAR:  WHEN WE WERE HERE A WEEK AGO, MY CLIENT HAD

19   WRITTEN A LETTER TO THE COURT.

20          THE COURT:  I HAVE READ IT, AND IT'S IN THE FILE.

21          MR. APGAR:  AND ALSO HE WROTE TO ME.  AND HE HAD A COUPLE OF

22   REQUESTS THAT I REQUEST OF YOU.  AND HE ASKED ME TO FILE A 1385

23   ON A STRIKE.  AND I JUST TOLD HIM THAT IF THE COURT WANTED TO DO

24   THAT, IT WOULDN'T BE NECESSARY BECAUSE YOU WERE QUITE FAMILIAR

25   WITH ROMERO.  AND IF THE COURT FOR SOME REASON WANTED TO GO

26   AROUND THE STIPULATED NINE YEARS, AS A PRACTICAL MATTER, HE

27   DIDN'T PLEAD, I GUESS, TO THE SHEET, BUT HE COULD HAVE DONE IT,

28   AND HE WOULD HAVE BEEN IN THE SAME POSITION HE IS NOW.  IF THE

1    COURT WANTED TO GIVE HIM SIX YEARS, WITHOUT STRIKING THE STRIKE,

2    THEN THE COURT COULD STRIKE THE 11370.2, WHICH IS THE THREE

3    YEARS, AND GIVE HIM SIX YEARS OR -- AND/OR GIVE HIM C. R. C.

4           IF I FILED A 1385, IT WOULD BE ON THE BASIS OF HIS OLD

5    STRIKE WAS ELEVEN YEARS OLD.  THERE'S NO VIOLENCE.

6        THE COURT:  MR. APGAR, AS I EXPLAINED TO YOU, AND I HAVE

7    REPEATEDLY EXPLAINED TO YOUR CLIENT, THIS WAS A STIPULATED CHANGE

8    OF PLEA FOR A STIPULATED TERM.  I HAVE FOUND THAT THERE IS NO

9    LEGAL BASIS FOR HIM TO WITHDRAW HIS PLEA.  STIPULATION MEANS JUST

10   THAT.  YOU AGREED TO A TERM IN LIGHT OF THE DISMISSAL OF OTHER

11   THINGS AND A GREATER EXPOSURE.

12          WHAT I TOLD YOU WHEN I RULED ON THE MOTION LAST WEEK I

13   WILL TELL YOU AGAIN.  I'M PERFECTLY WILLING TO LET THE COURT OF

14   APPEALS LOOK AT THE HISTORY OF THIS CASE.  AND I AM MORE THAN

15   PREPARED TO SIGN A STATEMENT CERTIFYING THAT THE MATTER HAS

16   PROBABLE CAUSE TO LOOK AT THE ISSUES.  AND YOU FILED A NOTICE.

17   I'LL SIGN THE ORDER.

18       MR. APGAR:  CAN I LEAVE IT WITH YOUR CLERK, YOUR HONOR?

19       THE COURT:  YOU CERTAINLY CAN.  AND LET THE COURT OF APPEALS

20   LOOK AT THE CASE.

21          COULD I HAVE A CUSTODY UPDATE?

22       THE PROBATION OFFICER:  YES, YOUR HONOR.

23          216 ACTUAL DAYS, 108 P. C. 4019 CREDITS, FOR A TOTAL OF

24   324.

25       THE COURT:  ALL RIGHT.

26          THIS WAS A STIPULATED PLEA BARGAIN, AND THE WAY WE GET

27   TO THE STIPULATED TERM IS TO IMPOSE THE LOW TERM OF THREE YEARS,

28   TO BE DOUBLED AS A RESULT OF THE STRIKE PRIOR ADMISSION, FOR A

1    TOTAL TERM OF SIX YEARS ON COUNT TWO, PLUS ONE YEAR EACH FOR EACH

2    OF HIS THREE PRISON PRIORS, FOR A TOTAL TERM OF NINE YEARS IN

3    STATE PRISON.

4              HE'S ENTITLED TO CREDITS OF 216 ACTUAL DAYS, 108 4019

5    CREDITS, FOR A TOTAL OF 324 DAYS.

6              THIS TERM WILL BE CONCURRENT WITH HIS PAROLE

7    REVOCATION.

8              IN ADDITION TO THAT, I'LL IMPOSE THE MINIMUM MANDATORY

9    FINE AND THE MINIMUM RESTITUTION FINE OF TWO HUNDRED DOLLARS

10   EACH.

11             AND IN ADDITION TO THAT I WILL EXECUTE A DECLARATION

12   ALLOWING AN APPEAL ON THE ISSUE OF WHETHER OR NOT HE SHOULD HAVE

13   BEEN ABLE TO WITHDRAW HIS PLEA.

14             OKAY.  THAT'S IT.

15                             --O0O--

16

17

18

19

20

21

22

23

24

25

26

27

28

67

STATE OF CALIFORNIA          )
                            :        SS:
COUNTY OF SAN DIEGO         )

        I, ROBERT F. STARK, CSR, CERTIFICATE NUMBER 5104, AN

OFFICIAL REPORTER OF THE SUPERIOR COURT OF THE STATE OF

CALIFORNIA, IN AND FOR THE COUNTY OF SAN DIEGO, HEREBY CERTIFY

THAT I REPORTED IN MACHINE SHORTHAND THE PROCEEDINGS IN THE

WITHIN CASE, AND THAT THE FOREGOING TRANSCRIPT, CONSISTING OF

PAGES NUMBERED FROM 63 TO 66, INCLUSIVE, IS A FULL, TRUE,

AND CORRECT TRANSCRIPTION OF THE PROCEEDINGS IN THIS CASE.

        DATED AT SAN DIEGO, CALIFORNIA, THIS 22ND DAY OF

JULY, 2003.

                    ROBERT F. STARK
                OFFICIAL COURT REPORTER

EXHIBIT E

# SUPERIOR COURT - STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

PEOPLE OF THE STATE OF CALIFORNIA,

    Plaintiff

        vs.

MICHAEL ANTHONY LANE

CASE NUMBER
SCD171751

    Defendant

**Ex. E**

## MASTER CHRONOLOGICAL INDEX

| INDEX ENTRY | VOL. | PAGE |
|---|---|---|
| INFORMATION | 1 | 1 |
| ORDER TO SET ASIDE THE DEFAULT FOR FAILING TO FILE MOTION | 1 | 5 |
| DECLARATION SEEKING RELIEF FROM DEFAULT IN FAILING TO FILE MOTIONS WITHIN TIME ALLOWED | 1 | 6 |
| NOTICE OF MOTION AND MOTION TO SUPPRESS EVIDENCE PURSUANT TO PENAL CODE SECTION 1538.5 | 1 | 9 |
| MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE PURSUANT TO PENAL CODE SECTION 1538.5 | 1 | 11 |
| MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO SUPPRESS EVIDENCE | 1 | 17 |
| PLEA OF GUILTY | 1 | 26 |
| ADULT SERVICES STIPULATED SENTENCE REPORT | 1 | 30 |
| NOTICE OF MOTION AND MOTION FOR WITHDRAWAL OF GUILTY PLEA | 1 | 35 |
| DECLARATION OF DEFENDANT IN SUPPORT OF MOTION TO WITHDRAW PLEA | 1 | 37 |
| POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW PLEA AND ARGUMENT | 1 | 42 |
| POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO WITHDRAW PLEA | 1 | 50 |
| LETTER TO JUDGE MUDD FROM DEFENDANT | 1 | 123 |
| ABSTRACT OF JUDGMENT | 1 | 127 |
| NOTICE OF APPEAL | 1 | 128 |
| CERTIFICATE OF PROBABLE CAUSE- ISSUED | 1 | 130 |
| MINUTES OF THE COURT | 1 | 131 |

## MASTER ALPHABETIC INDEX

| INDEX ENTRY | VOL. | PAGE |
|---|---|---|
| ABSTRACT OF JUDGMENT | 1 | 127 |
| ADULT SERVICES STIPULATED SENTENCE REPORT | 1 | 30 |
| CERTIFICATE OF PROBABLE CAUSE- ISSUED | 1 | 130 |
| DECLARATION OF DEFENDANT IN SUPPORT OF MOTION TO WITHDRAW PLEA | 1 | 37 |
| DECLARATION SEEKING RELIEF FROM DEFAULT IN FAILING TO FILE MOTIONS WITHIN TIME ALLOWED | 1 | 6 |
| INFORMATION | 1 | 1 |
| LETTER TO JUDGE MUDD FROM DEFENDANT | 1 | 123 |
| MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO SUPPRESS EVIDENCE | 1 | 17 |
| MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE PURSUANT TO PENAL CODE SECTION 1538.5 | 1 | 11 |
| MINUTES OF THE COURT | 1 | 131 |
| NOTICE OF APPEAL | 1 | 128 |
| NOTICE OF MOTION AND MOTION FOR WITHDRAWAL OF GUILTY PLEA | 1 | 35 |
| NOTICE OF MOTION AND MOTION TO SUPPRESS EVIDENCE PURSUANT TO PENAL CODE SECTION 1538.5 | 1 | 9 |
| ORDER TO SET ASIDE THE DEFAULT FOR FAILING TO FILE MOTION | 1 | 5 |
| PLEA OF GUILTY | 1 | 26 |
| POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO WITHDRAW PLEA | 1 | 50 |
| POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW PLEA AND ARGUMENT | 1 | 42 |

1    STATE OF CALIFORNIA )             PROOF OF SERVICE BY

2    COUNTY OF   KING                PERSON IN STATE CUSTODY

3    I, Michael Anthony Lane   -, the undersigned, certify and do declare that I am over the

4    age of 18 years, incarcerated at AVENAL STATE PRISON , located at Avenal, California

5    and a party to the attached foregoing cause of action. On January 30, 2008 did

6    serve true copy of:

7            WRIT OF Habeas Corpus 28 U.S.C. 2254

8            And Exhibits There IN

9

10

11

12

13    [ ] by depositing it in a prison mail box in a sealed envelope, or [X] by handing it to institutional

14    staff in a sealed enveloped, along [X] with Inmate Trust Withdrawal Order Form attached to it

15    requesting that postage be fully prepaid, or [ ] with postage affixed thereto for deposit in the

16    United States Mail pursuant to California Code of Regulations Sections 3142 and 3165,

17    addressed to the following:

18    U.S. District Court              Attorney General

19    Southern District of California    Jerry Brown, et. al.

20    880 Front Street, Rm. 4290       P.O. Box 85266

      San Diego, Ca. 92101           110 West A. Street, Ste. 1100

21                                   San Diego, Ca. 92112-5266

22

23    Intended place of mailing: US Post Office, at Avenal, California.

24    I further declare under penalty of perjury that the foregoing is true and correct to the best of my

25    knowledge, and belief. Executed on January 31 , 2008

26

27

28                      Michael Anthony Lane
                       PETITIONER/DECLARANT IN PROPER

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Michael Anthony Lane

2254    1983

**FILING FEE PAID**
Yes    No ✓

**IFP MOTION FILED**
Yes    No

**COPIES SENT TO**
Court

DEFENDANTS

James Hartley

2008 FEB -4 PM 3:55

CLERK US DIST COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Kings
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Michael Anthony Lane
PO Box 9
Avenal, CA 93204
T-99193

ATTORNEYS (IF KNOWN)

'08 CV 0213 BEN AJB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

### 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $   Check YES only if demanded in complaint:   JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE   Docket Number

DATE   2/4/2008   SIGNATURE OF ATTORNEY OF RECORD   R Miller

